WOODEN (PETERSON v.).    See Case No. 11,038.

WOODFIN (KITCHEN v.).    See Case No. 7,855.

## Case No. 17,972.

### In re WOODFORD et al.

[13 N. B. R. 575;[1] 1 Cin. Law Bul. 37.]

District Court, N. D. Ohio. 1876.

INVOLUNTARY BANKRUPTCY—SUFFICIENCY OF PETITION—NUMBER OF PETITIONERS.

1. Creditors whose claims are under two hundred and fifty dollars are not to be counted in computing the number who must unite in an involuntary petition, if one-fourth of the creditors whose claims are above that sum join in the petition.

2. In computing the amount, all the claims must be counted irrespective of the amount.

[Cited in Re Broich, Case No. 1,921; Re Lloyd, Id. 8,429.]

3. A party may purchase a claim in good faith, in order to join in an involuntary petition and make the necessary number.

4. If the sale of a claim is void for fraud or want of consideration, the claim is to be deemed to belong to the assignor.

WELKER, District Judge. Exception to report of commissioner to whom petition, etc., were referred, to ascertain number and amount of creditors.

Held: First. That in counting the number of creditors necessary to join in the petition, creditors under two hundred and fifty dollars are not to be counted, if one-fourth of the creditors above that sum join in the petition. If such number do not join, then creditors below two hundred and fifty dollars may be counted, to obtain the necessary number.

Second. That in counting the amount of claims of creditors, provable claims in all

[1] [Reprinted from 13 N. B. R. 575, by permission.]

amounts are to be reckoned, those less than two hundred and fifty dollars as well as over that amount; and the aggregate of the petitioners' debts must be equal to one-third of all the debts provable, irrespective of amounts thereof. The cases In re Hadley [Case No. 5,894], decided by Judge Brown, and In re Currier [Id. 3,492], decided by Judge Lowell, approved and followed.

Third. That a creditor has a right to sell and a party a right to purchase, in good faith, claims against a debtor, with a view to enable the purchaser to join in a petition in bankruptcy, in order to make the necessary number to file a petition.

Fourth. That where a sale of such claims is void for want of consideration or fraud, and is set aside for that reason, the claims so attempted to be sold or transferred go back to the assignor, and in the count are to be reckoned as belonging to the assignor.

Fifth. If such assignee join in the petition, and such assignment is set aside, he is not to be counted in the number necessary to join, nor to be reckoned in the amount of provable debts, but the assignor is to be counted instead if he be a party to the petition, and the amount of such indebtedness reckoned to him—such assignee thereby dropping out of the proceedings as creditor.