### In re BEVINS et al.

(Circuit Court of Appeals, Second Circuit.  November, 16, 1908.)

#### No. 34.

1. BANKRUPTCY (§ 77*)—INVOLUNTARY PROCEEDINGS—PETITIONING CREDITORS —PURCHASE OF CLAIM.

   Claims against a bankrupt may be purchased in order to make up the requisite number of petitioning creditors to sustain an involuntary petition.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 103; Dec. Dig. § 77.*]

2. BANKRUPTCY (§ 77*)—INVOLUNTARY PROCEEDINGS—AMOUNT OF INDEBTEDNESS.

   Where the claim of a petitioning creditor was provable when the petition was filed for an amount exceeding $500, it was immaterial that thereafter the creditor became liable to the bankrupt's assignee for the benefit of creditors because of a wrongful attachment.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 101; Dec. Dig. § 77.*]

3. BANKRUPTCY (§ 77*)—INVOLUNTARY PROCEEDINGS—CLAIMS IN DIFFERENT RIGHTS.

   A claim by a bankrupt's assignee against a creditor for damages for wrongful attachment was a claim in a different right, and therefore could not be set off against the creditor's claim against the bankrupt.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 77.*]

Appeal from the District Court of the United States for the Western District of New York.

Bartlett, Putnam & Chamberlain, for appellants.

Lewis & Lewis, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.  December 22, 1906, at about noon, the firm of R. S. Bevins & Co., of Niagara Falls, delivered an assignment for the benefit of creditors to one Chamberlain, at Buffalo.  The assignee told R. S. Bevins to go back to Niagara Falls and take possession of the business until he could get down and close it up.  On the same

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

day Philip Becker & Co., of Buffalo, creditors of Bevins & Co. to the amount of $468.02, obtained an attachment against their property on the ground that the indebtedness was fraudulently contracted, and that the assignment to Chamberlain was in fraud of creditors. At about 7 p. m. the sheriff served the attachment papers on R. S. Bevins at the store, said he attached all the stock and fixtures, and appointed Prime, a clerk in the employ of Bevins & Co., to keep charge for him until the matter was settled. December 27th, the attachment was vacated for irregularity, with $10 costs. December 29th, Becker & Co., Joseph H. Fisher, and Samuel Goetz filed a petition in involuntary bankruptcy against Bevins & Co. December 31st, Bevins & Co. brought suit against Becker & Co. on the undertaking given by them in the sum of $250 conditioned that "if the warrant is vacated the plaintiffs will pay all costs which may be awarded to the said defendants, and all damages which they may sustain by reason of the attachment, not exceeding the sum of $250," and the assignee brought suit against Becker & Co. to recover $10,000 damages for conversion of the assigned property. Bevins & Co. admitted insolvency in their answer, but denied that there was more than one petitioning creditor, alleging that Goetz and Fisher bought claims against them for $40 and $16.14, respectively, for and with the funds of Becker & Co. They further denied that the claim of Becker & Co. amounted to $468.02 because of the liability of Becker & Co. to them on the bond given in the attachment action. The district judge referred the issues to a special master to ascertain and report the facts with his conclusions thereon.

We follow the finding of the master and of the district judge that Fisher and Goetz were the real owners of the claims purchased by them against the alleged bankrupts, and that therefore the requirement of section 59b of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3445), that there should be three petitioning creditors is satisfied. The right to purchase claims in order to make up the necessary number of petitioning creditors was upheld under the act of 1867 in Re Woodford, Fed. Cas. No. 17,972, 13 N. B. R. 575. The claim of Becker & Co. was provable when the petition was filed, and, as the petitioning creditors then represented an indebtedness over $500, the requirements of section 59b were satisfied in this respect also. In re Hornstein (D. C.) 122 Fed. 266; In re Mertens, 147 Fed. 177, 77 C. C. A. 473.

The damages caused by the attachment belong to the assignee, Chamberlain, as owner of the goods attached, and, being in another's right, could not be set off by the respondents against Becker & Co.'s claim, and the respondents have not tried to do so in their answer. In respect to the costs, only $10 have been awarded to the respondents, which is not sufficient to reduce the indebtedness represented by the petitioning creditors below $500, even if a claim accruing to the respondents after the filing of the petition could be set off.

The order adjudicating the respondents bankrupts is affirmed. Submitted without argument.