In re KEHOE.

(Circuit Court of Appeals, Second Circuit. February 20, 1916.)

No. 268.

BANKRUPTCY ☞76(1)—INVOLUNTARY PETITIONS—PETITIONING CREDITORS.

Bankr. Act July 1, 1898, c. 541, § 59b, 30 Stat. 561 (Comp. St. 1913, § 9643), declares that three or more creditors, who have provable claims against any person which amount in the aggregate in excess of the value of securities held by them, if any, to $500 or over, or if all of the creditors be less than 12 in number, then one of such creditors whose claim equals such amount may file a petition to have the debtor adjudged a bankrupt. Section 59d declares that if it be averred in the petition that creditors of the bankrupt are less than 12 in number and less than 3 have joined as petitioners, and the answer avers the existence of a larger number of creditors, there shall be filed with the answer a list of creditors, who shall be notified of the pendency of such petition and given a reasonable opportunity to join in the petition, in which event the case may be proceeded with, but otherwise it shall be dismissed. After an involuntary petition was filed by one creditor, others purchased claims against the bankrupt and sought to intervene as petitioning creditors; the total number of creditors exceeding twelve. *Held* that, as the purpose of the Bankruptcy Act was to give the majority of the creditors an option to refrain from instituting proceedings, persons who purchased claims after the filing of the petition in bankruptcy cannot intervene as petitioning creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 99, 100; Dec. Dig. ☞76(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the alleged bankruptcy of Charles H. Kehoe, in which the Hayden Company and others filed an involuntary petition. On petition to revise an order of the District Court vacating an order permitting two other persons to intervene as petitioning creditors. Order affirmed.

Frank Hall, of San Francisco, Cal. (E. P. Hoes, of New York City, of counsel), for petitioners.

Henry Kuntz, of New York City (Henry Lesser and J. J. Lesser, both of New York City, of counsel), for respondent.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

MAYER, District Judge. On February 20, 1915, Hayden Company filed an involuntary petition against Kehoe, setting forth the necessary jurisdictional facts, including the allegation that Kehoe had less than 12 creditors. On April 20, 1915, Kehoe filed an amended answer, alleging, among other things, that he had more than 12 creditors. The issues thus raised were pending when, on September 30, 1915, Ailion and Barton each filed a petition to intervene as a petitioning creditor and on the same day an order was made by the District Court ex parte allowing the intervention.

It appeared that Kehoe had more than 12 creditors on February 20, 1915, and that on September 20, 1915, Ailion had obtained an assignment of the claim of one Forgione for $11, and that on September 29, 1915, Barton had obtained the assignment of the claim of the Ritz Carlton Hotel for $20.90. Forgione and Ritz Carlton Hotel were creditors of Kehoe on February 20, 1915, but Ailion and Barton, who bought these claims in September, 1915, were not creditors on February 20, 1915, nor at any time until they, respectively, bought, these claims in September, 1915. When these facts came to the attention of the District Judge, he vacated the order to intervene theretofore made.

It is stipulated that the claims of Ailion and Barton "were purchased for the purpose of securing two additional creditors to sustain the involuntary petition" of Hayden Company while the adjudication was being contested, and that these claims "were not purchased by the Hayden Company with its funds, but were in good faith purchased" by Ailion and Barton "with their own funds." The record does not enlighten us as to the relations between Ailion and Barton with Hayden Company, but we gather from the stipulation and the argument that the claims were bought by two friendly persons to help out the Hayden Company in sustaining the petition.

The single question of law presented is whether the statute requires that intervening creditors shall be original creditors, or may be construed so as to permit persons to intervene who buy claims after the filing of the petition in involuntary bankruptcy.

Section 59b of the Bankruptcy Act provides:

"Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to five hundred dollars or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose

claim equals such amount may file a petition to have him adjudged a bankrupt."

Section 59d provides:

"If it be averred in the petition that the creditors of the bankrupt are less than twelve in number, and less than three creditors have joined as petitioners therein, and the answer avers the existence of a large number of creditors, there shall be filed with the answer a list under oath of all the creditors, with their addresses, and thereupon the court shall cause all such creditors to be notified of the pendency of such petition and shall delay the hearing upon such petition for a reasonable time, to the end that parties in interest shall have an opportunity to be heard; if upon such hearing it shall appear that a sufficient number have joined in such petition, or if prior to or during such hearing a sufficient number shall join therein, the case may be proceeded with, but otherwise it shall be dismissed."

It will be noted that this section requires notification to "such creditors," meaning, of course, those creditors named in the list filed with the answer, and hence necessarily the creditors who were such when the petition was filed. But we do not rest our conclusion on the interpretation of the mere phraseology of the statute.

The fundamental purpose of the statute negatives the contention that any but original creditors can throw a debtor into bankruptcy. Congress undoubtedly intended that, if the great majority of the creditors were unwilling to join in a petition, the debtor could not be adjudicated a bankrupt against his will. Apparently it was recognized that creditors, for reasons of their own—tolerance, business judgment, friendship, or an avoidance of certain set-offs—might prefer to refrain from availing of the bankruptcy statute, and, therefore, where the creditors were more than 12 in number, a minimum of 3 petitioners was required.

Before the petition, creditors may buy claims (Matter of Bevins, 165 Fed. 435, 91 C. C. A. 302), and the bankrupt may induce creditors not to join in the petition (Matter of Brown [C. C.] 111 Fed. 979); but to sustain the petition the requisite petitioners must be those who are creditors when the petition is filed. Little need be added to what was said in Re Lewis F. Perry & Whitney Co. (D. C.) 172 Fed. 752, and on affirmance in the same case, 175 Fed. 52, 99 C. C. A. 68; and in Emerine v. Tarault, 219 Fed. 68, 134 C. C. A. 606.

Any other interpretation would lead to trafficking in claims in contravention of the purpose of the statute. Men in close business or personal relations could readily have a working arrangement by which in one case A. would buy up claims in the interest of B. and in another B. would do the same for A.—all to the detriment, not merely of the debtor, but of the other creditors, who either would prefer to forbear or, because of set-offs from which the petitioning creditors might benefit, would rather pursue their rights and remedies outside of the bankruptcy court.

Matter of Bolognesi, 223 Fed. 771, 139 C. C. A. 351, is not an authority contrary to our view, because in that case the interveners were creditors at the time of filing the petition.

The order is affirmed, with costs.