### SECURITY BANK & TRUST CO. v. TARLTON.

(District Court, W. D. Tennessee, W. D.   December 18, 1923.)

No. 5473.

**I. Bankruptcy ⬅⬆95—Defective answer not necessarily dismissed.**

That the answer to a petition by a single creditor, which alleges that there are more than 12 creditors, fails to set out their addresses, as required by Bankruptcy Act, § 59d (Comp. St. § 9643), does not necessarily require dismissal of the answer for insufficiency, but the court may take steps to ascertain the facts, and for that purpose may refer the case.

**2. Bankruptcy ⬅⬆77—Small current accounts held not to be considered in determining number of creditors.**

In determining whether the number of creditors exceeds 12, to defeat an involuntary petition by a single creditor, under Bankruptcy Act, § 59d (Comp. St. § 9643), where the indebtedness alleged in the petition is nearly $50,000, small current accounts should not be considered.

**3. Bankruptcy ⬅⬆77—Purchaser of claims considered as single creditor in counting number of creditors.**

A purchaser of claims against a debtor for the purpose of instituting bankruptcy proceedings will be considered as a single creditor in counting the number of creditors.

⬅⬆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of R. C. Tarlton, alleged bankrupt. On involuntary petition by the Security Bank and Trust Company and answer. Referred for taking of evidence.

L. D. Bejach, of Memphis, Tenn., for complainant.
Prewitt Semmes, of Memphis, Tenn., for Tarlton.

ROSS, District Judge. January 18, 1923, the Security Bank & Trust Company, as the sole petitioner, filed its petition in this cause against the defendant, R. C. Tarlton, seeking to have him adjudged a bankrupt. The petition contains the necessary averments as to indebtednesses, and alleges an act which, if sustained, would constitute an act of bankruptcy on the part of defendant. It further alleges that there are less than 12 creditors in number, and that therefore petitioner has a right to prosecute its petition without joining as many as two or more creditors with it.

On February 2, 1923, defendant, Tarlton, filed his answer to the petition, denying that he had committed any acts of bankruptcy as set forth in the petition, and alleging that there were more than twelve creditors. The answer states that a list of the creditors, with the amounts owed by each, is attached thereto, but in reality there appeared nothing more than the names of the creditors, without their addresses being given.

While the record does not disclose it, as a matter of fact the question was presented by motion as to the sufficiency of the answer for the reason that it did not disclose the addresses of the creditors, as required by section 59d of the Bankruptcy Act (Comp. St. § 9643), and pending determination of this matter petitioner filed in the cause a motion to have two other creditors, to wit, Emil Dinkelspiel and Max Dinkelspiel, doing business as the Golden Eagle Clothing Company, and Mrs. Paul Miloy, doing business as Paul Miloy, Photographer, joined as petitioning creditors. This motion was overruled, for the reason that it appeared the claims of the parties sought to be joined as petitioning creditors had been purchased by the president and vice president, respectively, of petitioner, and were not in reality bona fide provable debts within the meaning of the Bankruptcy Act (Comp. St. §§ 9585–9656).

Thereupon further defense was made by defendant on May 23, 1923, by supplemental answer or motion, wherein he sought to have the petition of plaintiff dismissed, and in addition to the ground set out in the original answer alleged that a list of the creditors, with their addresses and the amounts of their claims, had been filed, duly sworn to; that the defendant was being harassed by the petitioner and its president, Theodore C. Read; that no action had been taken by petitioner since the filing of the list mentioned; and that the petition should be dismissed for want of prosecution and for want of a sufficient number of creditors.

[1] A single creditor has the right, under section 59d of the Bankruptcy Act, where the creditors are less than 12 in number, to file a petition, as in this case; all other requisites appearing. This section also provides that:

"If it be averred in the petition that the creditors of the bankrupt are less than twelve in number, and less than three creditors have joined as petitioners therein, and the answer avers the existence of a larger number of creditors, there shall be filed with the answer a list under oath of all the creditors, with their addresses, and thereupon the court shall cause all such creditors to be notified of the pendency of such petition and shall delay the hearing upon such petition for a reasonable time, to the end that parties in interest shall have an opportunity to be heard. * * *"

It is manifest that the answer should comply with this provision of the act, and it is equally manifest that the object in requiring a list of the creditors with their addresses is that not only may the petitioner be advised if more than 12 creditors exist, but that, if such be the facts, such creditors upon notice of the proceeding may, if they desire, come into court to have their rights protected, and the fact that the answer, when filed, fails to disclose such names and addresses, does not necessarily mean that it should be dismissed for insufficiency, but that the court should take such steps as would enable the parties to obtain information as to the facts, and as has been held, the court may in such case refer the matter in order that the facts may be disclosed. Gage & Co. v. Bell (D. C. Tenn.) 124 Fed. 371, 10 Am. Bankr. Rep. 696; 2 Collier on Bankruptcy (13th Ed.) p. 1230 (b).

Instead of a reference being had in the case, an order was made granting the parties a right to produce proof as to the number and nature of the claims. This proof has been produced, and the sole question now presented for determination is whether or not there are as many as or more than 12 creditors, within the meaning of the Bankruptcy Act.

[2] The contention of plaintiff is that there are less than 12 creditors within the meaning of the Bankruptcy Act, in that the debts of the majority of those disclosed are such debts as are ordinarily incurred for current expenses, which are usually paid monthly, and are for such insignificant amounts as that they should not be counted in computing the number of creditors. The contention of defendant is to the contrary, and is that the number of creditors is far in excess of 12.

An analysis of the proof offered discloses that there are approximately 20 parties or firms to whom various amounts are owed by defendant. Of these amounts it is claimed $525 is due C. M. Bryan for attorney's fees; $38.05 to the Independent Tire Company of Memphis, incurred in the months of September, October, November, and December, 1922, and is composed of items ranging from 50 cents to $14.50 in amount, and is such an account as is commonly called a running account; $40 to Dr. Bryce Fontaine for medical account, incurred in December, 1922; $30 to H. I. Summerfield & Co., of Memphis, for an account beginning with 1919; $10 to Farrell-Calhoun Company, incurred in December, 1922; $3.03 to Weiss Pharmacy, incurred in December, 1922; $29.50 to Latura-Whitten Coal Company, incurred in December, 1922; $322.57 to Carrington, Mason & Sons as indorsers on a note of the Owen-Robbins Motor Car Company; $3 to Union Electric Company, incurred in December, 1922; $27.01 to Dixie Oil Company, incurred in the months of October, November, and December, 1922, by running account; $10 to H. J. Boswell, incurred between October 15, 1922, and January 1, 1923, for work done by Boswell for

defendant; $24.60 to Hulbert Bros., cleaners, incurred from September 14 to December 28, 1922, by running account; $50 to J. S. Ragland for money loaned July 14, 1922; $91 to Walter S. Carr for money loaned June 26, 1922; three notes, for $76.72 each, due Ben Lang, executed March 29, 1922, for insurance.

By stipulation of counsel it is agreed that Chas F. Bridges and John R. Collins are creditors of defendant, and were such on January 18, 1923, the date of the filing of the petition in this case. It further appears that on January 18, 1923, defendant owed to Kney's Meat Market $5 or $6; to Samuel & Co., tailors, $45.75; to Towner & Co. $4.50 —which amounts have been since paid by the defendant; that on January 18, 1923, he owed the Golden Eagle Clothing Company $6.25, which was paid by Theodore C. Read, president of the petitioner and transferred to him February 27, 1923, and that he owed Miloy's Studio $10.50, which was paid by Louie Ginnochio February 27, 1923, and that Ginnochio is the vice president, and was at that time, of petitioner.

It is apparent that of the above accounts those due the Independent Tire Company, Dr. Fontaine, Summerfield, Farrell-Calhoun Company, Weiss Pharmacy, Latura-Whitten Coal Company, Union Electric Company, Dixie Oil Company, Hulbert Bros., and the accounts which were due Kney's Meat Market, Samuel & Co., Towner & Co., Golden Eagle Clothing Company, and Miloy's Studio are not such indebtednesses as should be taken into consideration in computing the number of creditors in a bankruptcy proceeding, such as this, where the question to be determined is the right of a sole creditor to proceed where, as disclosed in this record, the indebtedness due such creditor is claimed to be the sum of nearly $50,000.

No certain amount could well be established as the maximum which might be claimed as a "debt" under such circumstances, and the relative rights of the parties must be taken into consideration in determining the question of the number of creditors. This case falls within the principle which has been announced in Re Blount (D. C. Ark.) 16 Am. Bankr. Rep. 97, 142 Fed. 263, Matter of Burg (D. C. Tex.) 40 Am. Bankr. Rep. 126, 245 Fed. 173, and Matter of Branche (D. C. N. Y.) 47 Am. Bankr. Rep. 112, 275 Fed. 555, and which is laid down as the rule to be followed in such cases by Collier. 2 Collier on Bankruptcy (13th Ed.) p. 1228 (d).

When these claims are excluded, it leaves the claims of Bryan, Carrington-Mason, Boswell, Ragland, Carr, Lang, Bridges, and Collins, which might be considered as indebtednesses to be counted; but, when counted in connection with the claim of plaintiff, it is found there are only 9 creditors, viewing it in the most favorable light for defendant.

[3] In view of the foregoing, it is unnecessary to determine the questions presented as to the dates when certain of the claims were paid by defendant and certain claims purchased by the president and vice president, respectively, of petitioner, for the reason that each of those claims falls within the rule stated which excludes them from consideration. Nor is it material in this instance that such president and vice president purchased claims, for one may buy up claims before a petition is filed to make the required amount (In re Woodford, Fed.

Cas. No. 17,972; In re Shouse, Fed. Cas. No. 12,815; In re Bevins [C. C. A. 2d Cir.] 21 Am. Bankr. Rep. 344, 165 Fed. 434, 91 C. C. A. 302; Matter of Kehoe [C. C. A. 2d Cir.] 36 Am. Bankr. Rep. 891, 233 Fed. 415, 147 C. C. A. 351); or a debtor may importune his creditors to proceed and the adjudication still be valid (Matter of Brown [C. C. Mo.] 7 Am. Bankr. Rep. 102, 111 Fed. 979); or, if a creditor solicit others to join with him, the bankrupt may solicit them not to do so (In re Brown [C. C. Mo.] 7 Am. Bankr. Rep. 102, 111 Fed. 979; Matter of Kehoe [C. C. A. 2d Cir.] 36 Am. Bankr. Rep. 891, 233 Fed. 415, 147 C. C. A. 351); and the purchase of a claim, bought after the filing of the petition in bankruptcy, for the purpose of creating an additional creditor, cannot be counted in making up the statutory number (Emerine v. Tarault [C. C. A. 6th Cir.] 34 Am. Bankr. Rep. 55, 219 Fed. 68, 134 C. C. A. 606; Matter of Kehoe, above); or, where several claims are purchased for the purpose of instituting bankruptcy proceedings, it has been held that the purchaser would be considered as a single creditor in counting the number of creditors (In re Burlington Malting Co. [D. C. Wis.] 6 Am. Bankr. Rep. 369, 109 Fed. 777).

It appears from the record that none of the parties other than petitioner is willing to proceed against the defendant in bankruptcy for various reasons, the principal one seeming to be with the majority of those to whom he is indebted that he has been a good customer, and this case affords a striking illustration of the soundness of the principle above stated for determining who are "creditors" within the meaning of the Bankruptcy Act. To hold otherwise would be to say that defendant, with many thousands of dollars of valuable property as disclosed by the record, could so transfer his property as to secure his favored few, leave a few small and comparatively insignificant claims due certain of his friends, who, for the amount involved, would not be willing to institute or join in bankruptcy proceedings, and thus leave plaintiff with his large indebtedness wholly without remedy (assuming that no fraud entered into the transfers made by defendant to those whose debts he attempted to secure, and no fraud appears from the record as now presented). Plaintiff would thus be without remedy. Justice never contemplated that such an advantage should be given, nor does the law permit it.

The question as to whether defendant should or should not be adjudged a bankrupt is not now presented for consideration. It follows that plaintiff has the right to proceed with his petition, that the case should be referred, in order for the question presented under the petition to be determined, and that defendant should be taxed with the costs incident to the question herein determined.