**In re Milton BRATEN, Debtor.**

**Bankruptcy No. 86 B 20433.**

United States Bankruptcy Court, S.D. New York.

May 22, 1987.

See also, Bkrtcy., 74 B.R. 1021.

Kenyon & Lusk, Anderson, S.C. (Karl L. Kenyon, of counsel), for debtor.

Sonnenfeld, Busner & Richman, New York City (Judith Richmond, of counsel), for The Hong Kong and Shanghai Banking Corp.

Wright & Trammell, Anderson, S.C. (Joseph G. Wright, III, of counsel), for intervenors.

DECISION ON MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS REGARDING INVOLUNTARY CHAPTER 7 PETITION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor has moved for summary judgment dismissing the involuntary Chapter 7 petition which was filed by a single judgment creditor. The petitioning creditor has moved for judgment on the pleadings sustaining the involuntary petition. The focus

of these motions is whether or not the debtor has properly raised the issue that he has twelve or more creditors so that three petitioning creditors must join in the involuntary petition in accordance with 11 U.S.C. § 303(b)(1).

On October 3, 1986, the petitioner, The Hong Kong and Shanghai Banking Corporation, served and filed an involuntary petition for relief against the debtor, Milton Braten, pursuant to 11 U.S.C. § 303(b)(2) under Chapter 7 of the Bankruptcy Code. The petitioner holds a claim against the debtor in the sum of $1,493,384.84, based upon a judgment entered against the debtor on July 15, 1985 in the County of Westchester, State of New York.

On October 22, 1986, the debtor, by his attorneys, Kenyon and Lusk, Esqs., of Anderson, South Carolina, filed an answer in which he denied certain allegations in the petition, including the portion of paragraph 1 which states that "debtor has fewer than 12 creditors." The answer also denied the allegation in paragraph 4 that "The debtor is generally not paying his debts as they become due...."

By notice of motion dated March 11, 1987, the debtor, Milton Braten, moved pursuant to Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056 for an order for summary judgment. This motion was supported by the affidavit of Robert P. Lusk of Kenyon and Lusk, Esqs. of Anderson, South Carolina, sworn to on March 11, 19871, which reads *in toto* as follows:

> I am Robert P. Lusk, Attorney at Law, Anderson, South Carolina. I have inquired and have ascertained on information and belief that Milton Braten has more than twelve (12) creditors. A list of such creditors is attached hereto.

> It is respectfully submitted that summary judgment should be granted in the above captioned matter.

The debtor's motion was adjourned from time to time so as to afford the petitioner's counsel an opportunity to undertake discovery proceedings in order to ascertain the veracity of the debtor's contention that he then had more than twelve creditors.

On March 31, 1987, Karl Kenyon, attorney for the debtor, filed with the court affidavits purporting to be those of thirteen creditors of the debtor stating that each does not wish to join in any involuntary bankruptcy case against Milton Braten. The so-called creditors were located in various cities in South Carolina and Georgia. However, all of the affidavits were notarized on March 24, 1987. All but one of the affidavits were notarized by the debtor's attorney, Karl Kenyon. The affidavit which Karl Kenyon did not notarize, namely that of Gary Granchelli, was notarized by R.E. Cason. Mr. Cason was one of the twelve creditors whose affidavit was notarized by Karl Kenyon.

By motion dated May 8, 1987, the petitioner, The Hong Kong and Shanghai Banking Corporation, moved "for an order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure awarding petitioner judgment on the pleadings and adjudicating the debtor a bankrupt [*sic*] under Title 11 Chapter 7 on the grounds that no justifiable defense has been asserted." Although no adjudications in bankruptcy are ordered under the Bankruptcy Code, the court will regard this request as seeking the equivalent relief, namely the entry of an order for relief pursuant to 11 U.S.C. § 303(h). One of the grounds relied upon by the petition is that the debtor's answer was signed by his attorney, Karl Kenyon, of Anderson, South Carolina, who is not admitted to practice before this court. This point is now academic because Mr. Kenyon was admitted *pro hac vice* at the hearing on this motion. The other ground advanced by the petition for judgment on the pleadings is that the debtor did not allege the existence of twelve or more creditors, nor did he file with the answer the list of creditors and the detailed information called for by Bankruptcy Rule 1003(d).

Thereafter, on May 12, 1987, the debtor moved for permission to be permitted to file with his Answer a creditors' list. An affidavit in support of this motion was submitted by Karl Kenyon, attorney for the debtor. In his affidavit sworn to May 12, 1987, Mr. Kenyon stated that the list of

creditors had been prepared but was not filed through inadvertence. A list accompanying this affidavit names fourteen uncontested creditors, including the petitioner, and two contested creditors. Twelve of the uncontested creditors are listed as clients of Kenyon & Lusk, Esqs. and the addresses given for these creditors are stated as:

c/o Kenyon & Lusk
P.O. Box 1286
Anderson, S.C. 29622

The thirteenth uncontested creditor was listed as Wright and Tramwell,

c/o Joseph G. Wright, III
P.O. Box 1905
Anderson, S.C. 29622

At the hearing in this court on May 19, 1987, Joseph G. Wright III, Esq. appeared in court to represent the twelve uncontested creditors because Mr. Kenyon stated that they were all his clients and, therefore, he had a conflict and could not appear for them. In view of the fact that these creditors did not seek to join in the involuntary petition the court denied Mr. Wright's application to permit them to intervene in this dispute between the debtor and the petitioner. Mr. Wright's Notice of Motion to Intervene did not establish cause to support permissive intervention in accordance with Bankruptcy Rule 2018.

The list of creditors attached to Mr. Kenyon's affidavit, sworn to May 11, 1987, does not give the addresses of the creditors, a brief statement of the nature of their claims and the amounts thereof, as required by Bankruptcy Rule 1003(d).

### DISCUSSION

### THE DEBTOR'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.* 477 U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Murray v. Xerox Corporation,* 811 F.2d

118, 121 (2d Cir.1987). When the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Hamilton v. Smith,* 773 F.2d 461, 466 (2d Cir.1985); *Heyman v. Commerce and Industry Insurance Company,* 524 F.2d 1317, 1320 (2d Cir.1975).

The debtor has not submitted any affidavits in this case. The affidavit of Robert P. Lusk, the partner of the debtor's attorney, Karl Kenyon, states that the results of his inquiry as to the number of creditors of the debtor is "on information and belief". It should be noted that the courts in this Circuit have held, with regard to motions for summary judgment:

The burden lies on the moving party to show, "on the basis of admissible evidence adduced from persons with personal knowledge of the facts, that there is no genuine issue of material fact,"....

*Katz v. Goodyear Tire and Rubber Company,* 737 F.2d 238, 244 (2d Cir.1984); *Burtnieks v. City of New York,* 716 F.2d 982, 985 (2d Cir.1983).

■ The debtor's motion for summary judgment must be denied. His denial of the allegation in the involuntary petition that the debtor has fewer than 12 creditors does not establish that there are more than 12 creditors. The debtor has failed to comply with Bankruptcy Rule 1003(d) and has not filed with the answer "a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof." The proposed list submitted by the debtor's attorney, Karl Kenyon, does not contain the detailed information called for under Bankruptcy Rule 1003(d). Moreover, the list should be sworn to by the debtor, because Bankruptcy Rule 1008 states that all lists, as well as petitions, schedules and statements, must be verified. This provision follows the custom under the former Bankruptcy Act which was described as follows:

The act requires him to file with the answer, when it alleges a larger number than 12 creditors, a list, *under oath,* of

all of his creditors, with their addresses....

(Emphasis added). *In re Tribelhorn*, 137 F. 3, 5 (C.C.S.D.N.Y.1905).

Another reason why the list must be verified by the debtor, and not his attorney, Karl Kenyon, is the fact that Mr. Kenyon, by his admission that he is the attorney for twelve of the uncontested creditors named on the proposed list that was submitted with his affidavit, is disqualified from representing the debtor. By representing a group of small creditors whom he counsels to decline to join in the involuntary petition, Mr. Kenyon can deprive the petitioner with its large indebtedness of access to the Bankruptcy Court for relief. That the law does not permit that such an advantage should be given to a debtor was expressed by one court as follows:

> It appears from the record that none of the parties other than petitioner is willing to proceed against the defendant in bankruptcy for various reasons, the principal one seeming to be with the majority of those to whom he is indebted that he has been a good customer, and this case affords a striking illustration of the soundness of the principle above stated for determining who are "creditors" within the meaning of the Bankruptcy Act. To hold otherwise, would be to say that defendant, with many thousands of dollars of valuable property as disclosed by the record, could so transfer his property as to secure his favored few, leave a few small and comparatively insignificant claims due certain of his friends, who, for the amount involved, would not be willing to institute or join in bankruptcy proceedings, and thus leave plaintiff with his large indebtedness wholly without remedy (assuming that no fraud entered into the transfers made by defendant to those whose debts he attempted to secure, and no fraud appears from the record as now presented). Plaintiff would thus be without remedy. Justice never contemplated that such an advantage should be given, nor does the law permit it.

*Security Bank & Trust Co. v. Tarlton*, 294 F. 698, 702 (W.D.Tenn.1923).

■ Mr. Kenyon's multiple employment by twelve of the debtor's creditors who have been counselled not to join in the involuntary petition against the debtor, while he represented the debtor in this case, is a flagrant violation of The Code of Professional Responsibility as promulgated by the American Bar Association in August, 1969, and adopted by the New York State Bar Association as its code of ethics, effective January 1, 1970. The pertinent provision is Disciplinary Rule 5–105(B), which reads:

> (B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client....

In furtherance of this mandate, the New York State Bar Association has issued opinion # 97 (1969) which states that it is improper for an attorney to represent both a creditor and the bankrupt in the same proceeding. This ruling is consistent with the doctrine that the mere appearance that an attorney is representing conflicting interests is enough to warrant disqualification. *Sapienza v. New York News, Inc.*, 481 F.Supp. 676 (S.D.N.Y.1979) (Goettel, D.J.).

Accordingly, Karl Kenyon and the law firm of Kenyon and Lusk are disqualified from representing the debtor, Milton Braten, in this involuntary case.

### PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS

The debtor's failure to file with his answer a verified list of all his creditors with their addresses, a brief statement of the nature of their claims and the amounts thereof, as required by Bankruptcy Rule 1003(d) does not warrant a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, as incorporated under Bankruptcy Rule 7012. Even in *W.A. Gage & Co. v. Bell*, 124 F. 371 (W.D. Tenn.1903), upon which the petitioner relies, the court did not treat an improperly compiled list of creditors with no specifics

as to addresses, amounts, dates and particulars as to the debts, as of no effect. The court directed the debtor to prepare a proper list of creditors and set the matter down for a hearing to determine if the debtor had more than twelve creditors. Similarly, in *Security Bank & Trust Co. v. Tarlton*, 294 F. at 702, the court did not dismiss a debtor's answer which alleged the existence of more than twelve creditors, but failed to disclose their addresses. The court referred the case for a hearing so that the parties should produce proof as to the number and nature of the claims.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. The debtor's motion for summary judgment dismissing the involuntary petition against him on the ground that he has more than twelve creditors is denied.

3. The petitioner's motion for judgment on the pleadings and for the entry of an order of relief against the debtor is denied pending a determination that the debtor has fewer than twelve creditors.

4. Karl Kenyon and the law firm of Kenyon and Lusk, of Anderson, South Carolina, are disqualified from representing the debtor in this case.

5. The debtor shall file a verified list of all of his creditors in compliance with Bankruptcy Rules 1003(d) and 1008 by June 8, 1987. Thereafter, the matter shall be set down for a hearing on June 23, 1987 at 10:00 A.M. in the forenoon as to whether or not an order for relief should be entered in accordance with 11 U.S.C. § 303(h).

IT IS SO ORDERED.