## In re ALDEN.

(District Court, D. Massachusetts. November 5, 1924.)

No. 32615.

Bankruptcy ⚖77—That claims against bankrupt are trivial in amount held no ground for not enumerating them.

That claims against bankrupt were trivial in amount was no ground for not enumerating them as outstanding claims against bankrupt, on petition by single creditor, in absence of proof that they were kept alive to prevent creditor bringing petition against bankrupt.

In Bankruptcy. In the matter of James E. Alden, alleged bankrupt. On question of accepting master's report. Report affirmed.

Gurdon W. Gordon, of Springfield, Mass., for petitioner.

Friedman, Atherton, King & Turner, of Boston, Mass., for alleged bankrupt.

LOWELL, District Judge. Question of the acceptance of the report of a master, to whom was referred the matter of adjudication, especially in reference to the number of claims, the petition having been brought by a single creditor. The decision of the learned referee sitting as master is attacked on the ground that in determining the number of creditors he took into consideration claims of very trivial amount. I am referred to three cases as authorities that such claims should not be counted in making up the required number. The authorities cited are In re Blount (D. C.) 142 F. 263; In re Burg (D. C.) 245 F. 173; In re Branche (D. C.) 275 F. 555. See, also, 1 Remington, Bankruptcy (3d Ed.) § 218; 2 Collier, Bankruptcy (13th Ed.) p. 1228.

The first case may be supported on the ground that the bankrupt there concerned fraudulently kept the claims alive for the purpose of preventing a single creditor from bringing a petition against him. See 1 Black, Bankruptcy (3d Ed.) p. 335. The other two cases follow the first, without noticing the element of fraud involved therein.

With due deference to the learned judges

who have decided these cases, they do not commend themselves to my judgment. Doubtless it would be convenient to disregard the bills of the butcher, the baker, and the candlestick maker as beneath the dignity of the bankruptcy court, but I find in the act no authority for such a course.

In the case at bar there is no intimation that any claims were kept alive in order to prevent a creditor from bringing his petition against the bankrupt. This distinguishes it from Leighton v. Kennedy, 129 F. 737, 64 C. C. A. 265. I therefore affirm the master's report.