# GRIGSBY–GRUNOW CO. v. HIEB RADIO SUPPLY CO.

### No. 9820.

Circuit Court of Appeals, Eighth Circuit.
May 10, 1934.

Guy S. Calkins, of Des Moines, Iowa (C. Glenn Garten, of Des Moines, Iowa, on the brief), for appellant.

Lloyd H. Williams, of Des Moines, Iowa, for appellee.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

On September 22, 1932, Grigsby-Grunow Company, a corporation, appellant above named, as the sole petitioning creditor, filed in the District Court of the United States for the Southern District of Iowa its involuntary petition in bankruptcy against the Hieb Radio Supply Company, a corporation, appellee above named.

The petition, among other things, alleged that the petitioner was a creditor of the alleged bankrupt with a provable claim in the sum of $52,695.90; that the total number of the creditors of the alleged bankrupt was less than twelve; that the alleged bankrupt was insolvent and had assigned certain of its property to one of its creditors within four months of the filing of the petition with intent to effect a preference, which constituted an act of bankruptcy. Thereafter the Hieb Radio Supply Company filed its answer specifically denying the essential allegations of the petition and, among other things, alleging that its creditors were twelve or more in number, setting forth a list of all creditors together with their respective post office addresses and other data required by section 59d of the Bankruptcy Act (11 USCA § 95 (d). Thereupon appellant filed its reply and demanded a hearing.

On December 21, 1932, Allen Munn, treasurer of Polk county, Iowa, filed his joining petition alleging that the alleged bankrupt was indebted to Polk county, Iowa, in the sum of $743.56 for taxes for the year 1931, and that he desired to join the petition of Grigsby-Grunow Company; and on the same date Ralph M. Young, as treasurer of Codington county, S. D., filed a like petition alleging indebtedness due to said Codington county in the sum of $35.96 for taxes for the year 1931. Thereafter appellee filed a motion to strike the petition of Allen Munn, as treasurer of Polk county, on the ground that said treasurer lacked authority to file the same. On December 29, 1932, Ralph M. Young, as treasurer of Codington county, S. D., filed a withdrawal of his joining petition, alleging that the same was signed and filed under a misapprehension of the facts.

The case was, by the court, referred to a special master who subsequently filed his report wherein he finds the number of bona fide creditors of respondent to be less than twelve, and that the motion to strike the joining petition of Allen Munn, as treasurer of Polk county, should be sustained. Both petitioner and the alleged bankrupt filed exceptions to the report, and, upon hearing, the court sustained the holding of the special master on the motion to strike, and reversed his finding that there were less than twelve creditors at the time of the filing of the petition, and ordered the dismissal of the petition, with costs, against the petitioner. The case comes to this court on appeal from the order of dismissal.

Appellant challenges the action of the trial court in sustaining the motion to strike the joining petition of the treasurer of Polk county, Iowa. The county treasurer of Polk county, Iowa, has only such authority as is vested in him by statute, and for the reason that the filing of the joining petition was beyond the authority of the county treasurer, under the state law, the motion to strike his petition to join as a petitioning creditor was properly sustained.

Complaint is made as to the action of the trial court in finding that the total number of the creditors of the alleged bankrupt is more than twelve. Among the creditors eliminated by the special master and included by the trial court are ten whose respective claims are small in amount, and evidently bills for current expenses. The special master found that these ten claims should not be counted as creditors in the determination of the sufficiency of the petition, for the reason that the several claims "are accounts that are expected to be paid monthly." There is nothing in the record to indicate that any of the ten claims in question are fictitious or fraudulent in any way, but it is the contention of appellant that it is the purpose and intention of the Bankruptcy Act to effect an equitable distribution of the assets of the insolvent debtor among all of its creditors and prevent preference, and that it is the duty of the courts to carry the intention of the law into effect, and that to permit a debtor to obtain the dismissal of an involuntary petition by including in his list of creditors holders of current claims, small in amount, payable at stated intervals, operates to defeat the real spirit and intent of the bankruptcy law. However persuasive this argument may be, it is one which might more properly be addressed to the Congress than to the court. The entire procedure is regulated by statute, and is covered by section 59b of the Bankruptcy Act (USCA title 11, § 95 (b), which reads as follows: "(b)

Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to $500 or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt." The language of this statute is plain and free from ambiguity, and to read into it that which is contended for by appellant would be nothing less than judicial legislation.

The holder of each of the ten claims under discussion was a creditor of the alleged bankrupt at the time the petition was filed, and, allowing for all proper deductions from the list of creditors set forth in the answer, the record clearly shows the number of creditors to be in excess of twelve, and the trial court committed no error in dismissing the petition.

The order appealed from is therefore affirmed.