**In re MacDONALD CONSTRUCTION COMPANY, Bankrupt.**

**No. 72 B 1579(3).**

United States District Court,
E. D. Missouri, E. D.

Aug. 22, 1974.

C. Perry Bascom, St. Louis, Mo., for appellant.

William C. Dale, Jr., Clayton, Mo., for appellee.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon an appeal by the petitioner from the order of the bankruptcy judge overruling a motion for reconsideration or amendment.

Petitioner filed an involuntary petition against the alleged bankrupt in 1972. MacDonald filed an answer and counterclaim in 1973 alleging that it had twelve or more creditors with an accompanying affidavit identifying some thirty-five alleged creditors. Appropriate notice under 11 U.S.C. § 95(d) was mailed to each of the listed creditors. On May 29, 1973 no creditors other than petitioners appeared at the hearing required by § 95 (d). On September 17, 1973, this Court dismissed the involuntary petition, giving as the reason therefor that MacDonald had more than twelve creditors, and that less than the three statutorily required creditors had joined in the petition. Thereafter, on September 27, 1973, the petitioning creditors filed a Motion For Reconsideration And To Set Aside Or Amend Judgment Of Dismissal. While this Motion was pending, this bankruptcy case was referred to the Bankruptcy Judges by order entered October 4, 1973. On January 11, 1974, an order was entered overruling the Motion.

This appeal was then filed on January 27, 1974, by the petitioners.

Petitioners, in their Memorandum filed in support of this appeal, ask that thirteen of the thirty-five creditors listed in MacDonald's Affidavit of Creditors not be counted for the purposes of the aforecited § 95 because the amounts owing are for current services rendered. Authority for this assertion is given as Denham v. Shellman Grain Elevator, Inc., 444 F.2d 1376 (5th Cir., 1971). This case would appear to be in conflict with the holding of the 8th Circuit in Grigsby-Grunow Co. v. Hieb Radio Supply Co., 71 F.2d 113 (8th Cir., 1934), and reiterated in Theis et al. (Culling et al., Intervenors) v. Luther, 151 F.2d 397, 398 (8th Cir., 1945), cert. den., 327 U.S. 781, 66 S.Ct. 681, 90 L.Ed. 1009 (1946), which held that creditors with bills of current expenses, expected to be paid monthly, are to be counted in determining whether an alleged bankrupt has twelve or more creditors.

However, the *Denham* case involved the bankruptcy of an individual and the

creditors disallowed were all creditors who held debts for small consumer accounts for personal items such as rents, groceries, and drugs. 444 F.2d at 1378.

The present case involved the alleged bankruptcy of a large general contracting company and the creditors in question can hardly be classified as holding small insignificant debts.

Thus, the authority cited by petitioners for their appeal can be distinguished on the facts and is not in conflict with the holdings of the Eighth Circuit.

It should also be noted that if such creditors as those in question were meant to be excluded for the purposes of § 95, the draftsmen would have written the statute to so state.

In consequence,

It is hereby ordered that the Order of the bankruptcy judge appealed from is affirmed; and

It is further ordered that this action be and is DISMISSED with prejudice.