In re BROWN.

(Circuit Court, E. D. Missouri, E. D. November 29, 1901.)

BANKRUPTCY—INVOLUNTARY PETITION—NUMBER OF PETITIONERS REQUIRED.

Under Bankr. Law 1898, § 59d, where it appears from the answer to a petition filed by a single creditor that there are twelve or more creditors, the petition must be dismissed unless at least two others join therein; it is immaterial that the majority are creditors for merely nominal amounts, or that they are induced to refuse to join in the petition through the solicitation of the debtor.

In Bankruptcy. Hearing on involuntary petition.

Paul F. Coste, for petitioner Franklin Bank.

E. C. Lackland, for Brown.

ROGERS, District Judge. On the 25th of June, 1901, the Franklin Bank, a corporation of the city of St. Louis and state of Missouri,

filed its petition in bankruptcy against Benjamin Brown, and, after alleging the cause of bankruptcy, further averred that the creditors of the said Benjamin Brown are less than twelve in number. On the 19th of July the said Benjamin Brown answered, denying the allegations of bankruptcy, and further averring that his creditors were more than twelve in number, setting forth in his answer a list of thirteen creditors, with their addresses, and the amounts which he severally owes them. Proof was heard, and it appeared on the trial that one of his creditors, W. H. Wellpot, has assigned his claim, and his assignee has since joined in the petition. It also appears from the proof that H. W. Eggers, another creditor of his, claims that he is not a creditor at all; but, assuming that such is the case, there are still twelve creditors of the bankrupt, including the petitioning creditor.

It was urged on the trial that, inasmuch as the proof developed the fact that the bankrupt had solicited the other creditors not to unite in the petition in bankruptcy, he was guilty of collusion, and he should therefore be adjudicated a bankrupt, without reference to the number, inasmuch as the creditors, with the exception of plaintiff and one or two others, are creditors for mere nominal sums. A complete answer to this is that the petitioning creditor has also solicited nearly all of the creditors to join in the petition, and offered to take an assignment of their claims or to pay them. If one party has the right to solicit the creditors to unite in the petition, the court can see no reason why the bankrupt may not solicit them not to do so, and therefore this contention, the court thinks, is not tenable. It is true that most of the claims of the creditors are for mere nominal sums, but Bankr. Law, §§ 59b, 59d, make no discrimination as to the amounts which creditors may hold. If the creditors are more than twelve, there must be three petitioning creditors, whose claims amount, in the aggregate, to $500 or over, and this without reference to what the amounts of the claims of the other creditors may be.

The case serves to illustrate what may be fairly regarded as a defect in the statute; but the courts do not make the law, they enforce it.

The petition will be dismissed.