## In re HALL.

District Court, W. D. Pennsylvania. June 1, 1928.

### No. 13986.

1. **Bankruptcy** ⬤⟶4—**Court should not allow direct letter of Bankruptcy Act to be overthrown by its conception of spirit thereof.**

.It is not court's duty to allow direct letter of Bankruptcy Act to be overthrown by its conception of the spirit of that act.

2. **Bankruptcy** ⬤⟶77—**Rejection of bona fide claims provable in bankruptcy, in determining number of "creditors" required to file petition held unwarranted (Bankruptcy Act).**

. Provision of Bankruptcy Act, authorizing petition in bankruptcy to be filed by one creditor, where creditors number less than 12, and requiring it to be filed by three creditors, where their number exceeds 12, does not limit creditors to merchandise creditors, and referee, in determining whether petition should have been filed by more than one creditor, improperly rejected bona fide claims provable in bankruptcy, on ground that small current claims, for groceries, fuel, and the like, were not within the term "creditors."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

In Bankruptcy. Involuntary bankruptcy proceedings by Lloyd. Hill against Theodore G. Hall, alleged bankrupt. Petition dismissed.

William A. Jordan, of Pittsburgh, Pa., for alleged bankrupt.

Daniel S. Horne, of Pittsburgh, Pa., and J. Colvin Wright, of Bedford, Pa., for claimant.

Eben H. Pennell, of Bedford, Pa., referee in bankruptcy, acting as special master.

GIBSON, District Judge. On February 15, 1928, a petition in bankruptcy was filed against Theodore G. Hall by Lloyd Hill, who alleged that the creditors of Hall were less than 12 in number. Subsequently the matter was referred to the referee of Bedford county as special master, to take testimony and report thereon to the court. The special master, after taking testimony, reported that the creditors of Theodore G. Hall numbered 18, but of this number 3 were relatives and were not to be considered under the statute. Another creditor was fully secured, and also was to be excluded. Of the 14 remaining creditors, 3 had small claims against the alleged bankrupt, which the referee, as special master, reported should not be counted in making up the number of the creditors of the al-leged bankrupt. These creditors were Mrs. Martha Huff, who had owing to her $8 for room rent, which was payable February 1, 1928; James V. Fisher, who had due him $5 ·for cigars furnished bankrupt in 1927; and Mrs. Amy Stapleton, to whom bankrupt was indebted in the amount of $20 for boarding, which was due January 31, 1928.

The referee held that the term "creditor," as used in the statute, does not include those who have small current monthly accounts against the bankrupt for groceries, fuel, and the like, holding that the three claims last mentioned, being such small current claims, excluded Mrs. Martha Huff, James V. Fisher, and Mrs. Amy Stapleton from the list of creditors, thus reducing the number of creditors of alleged bankrupt to the number of 11. He further found that the alleged bankrupt was insolvent at the time of the filing of the petition, and recommended his adjudication as a bankrupt.

Exceptions have been filed to his exclusion of Mrs. Martha Huff, James V. Fisher, and Mrs. Amy Stapleton from the number of° creditors and the matter has been heard before the court. After considering the matter, we have come to the conclusion that the exceptions must be sustained, and the petition in bankruptcy dismissed. .

The facts developed at the hearing are substantially as follows:

Lloyd Hill, the petitioner, in·February, 1927, sold a certain pool room and equipment to the alleged bankrupt. Part of the purchase price was paid in cash, the larger part by means of a certain judgment note, upon which the sum of $1,401.91 was due at the time of the hearing before the referee. On February 2, 1928, Theodore G. Hall ·gave a note for $474.07 to C. T. Benner. This note was dated February 2, 1927, and payable February 3, 1928. Bankrupt also delivered a note payable to Mrs. R. E. E. Hall, his mother, for $660, dated October 26, 1927, and payable January 26, 1928. Mr. Benner's note was entered at No. 78, April term, 1928, common pleas of Bedford county, Pa., and execution was issued on the judgment at No. 35, April term, 1928, of said court, on February 4, 1928. Mrs. R. E. E. Hall's note was entered at No. 86, April term, 1928, common pleas of Bedford county, and execution thereon was issued at No. 37, April term, 1928, of said court, on February 6, 1928. Levy was made upon the pool room and equipment that had been sold to Hall by Lloyd Hill, which constituted the entire assets of Hall. There-

upon the petition in the instant matter was filed by Lloyd Hill.

[1, 2] In view of the facts developed, we have been somewhat reluctant in arriving at our conclusion that the petition must be dismissed. The dismissal seems to us to be in direct opposition to the spirit of the Bankruptcy Act, which seeks an equitable distribution of an insolvent's estate among his creditors. To sustain the exceptions to the referee's report means that the entire estate will be taken by two creditors—one of them the mother of the debtor—to the exclusion of other creditors of equal degree, including the creditor whose claim is based upon the sale of the very property which has been seized. However, it is not our duty to allow the direct letter of the Bankruptcy Act to be overthrown by our conception of the spirit of that act. Congress, in the exercise of its judgment, has determined that a petition in bankruptcy may be filed by one creditor, where the creditors number less than 12; and it has determined that, where the creditors are in excess of 12 in number, 3 creditors must unite in the petition before the petition in bankruptcy is effective. It has not limited the creditors to merchandise creditors, and we find no warrant in law for the rejection of any bona fide provable claim in bankruptcy. So far as appears by the testimony, each one of the three claims rejected by the referee are actual existing debts of Hall; and should be included. The claim of C. T. Benner, perhaps, should have been rejected, as he was the holder of a preference by legal proceedings; but, if the three rejected claims are to be included, the exclusion of his claim would still leave the actual creditors 13 in number, more than the statutory number on which the petition depends.

An order must be drawn for the dismissal of the petition.