## In re MURRAY.
### No. 20568.

District Court, W. D. New York.
March 28, 1936.

· J. John Hassett, of Elmira, N. Y. (Wilfred E. Rhodes, of Elmira, N. Y., of counsel), for petitioning creditor.

Levi & Samuel Ginsburg, of Elmira, N. Y., for alleged bankrupt.

RIPPEY, District Judge.

On August 23, 1933, an involuntary petition for adjudication in bankruptcy was filed against Beatrice Riley Murray of Elmira, N. Y., by J. John Hassett, a creditor. The petition stated the necessary jurisdictional grounds, to wit, the residence of the alleged bankrupt in this district for the greater portion of the six months next preceding August 23, 1933; that the occupation of the alleged bankrupt was as housewife; that she owed more than $1,000, was insolvent, and was neither a wage earner nor farmer; that she had less than twelve creditors; that the petitioner was a creditor having provable claim amounting to more than $500 unsecured; that within four months preceding the filing of the petition and while insolvent, the alleged bankrupt committed an act of bankruptcy (describing it); and the petition contained a prayer that she be adjudged bankrupt.

The claim of the creditor was described as follows:

"Your petitioner is an accommodation endorser upon a note given by the bankrupt and her husband John J. Murray, to the First National Bank and Trust Co. of Elmira, N. Y. The said note was for an original amount of Five Thousand ($5000) Dollars. The said note was taken by the First National Bank and Trust Co. of Elmira, N. Y. against the bankrupt and her husband, John J. Murray for the sum of Five Thousand One Hundred Sixty-eight and 86/100 ($5168.86) Dollars. That thereafter, for value the said First National Bank and Trust Co. assigned the said judgment to your petitioner. The said judgment was recovered on August 18, 1933."

On September 7, 1933, Beatrice Riley Murray filed an answer to this petition in which she denied that she was insolvent, denied that she had committed an act of bankruptcy, and denied that she had less than twelve creditors. In this answer she also listed the names and addresses of eighteen creditors other than the petitioning creditor. One of these was the mother of the alleged bankrupt, and by the express provision of the statute she cannot be counted. At the time of the filing of the answer a demand was made for a jury trial.

On June 4, 1934, an order was filed appointing Richard Marlowe special master "to ascertain as soon as practical whether or not Beatrice Riley Murray had more than twelve creditors on the 23 day of August, 1933, when the petition in this proceeding was filed in the United States District Court and to report the facts with his conclusions thereon." This report was not filed until February 21, 1936. The evidence taken before the special master shows that the creditors listed in the alleged bankrupt's answer held claims arising from purchases of merchandise, foods, etc., on current running accounts which were payable, as a rule, within sixty days. It was also disclosed that most of the present holders of these claims were friends of the alleged bankrupt who had paid up the bills to the merchants, and taken as-

signments of the claims from them. This was done after the involuntary petition was filed in order that the petitioning creditor would not be able to get any one to join in his petition. From the facts before him, the special master found that there were more than twelve creditors.

This case arises here on motion of the alleged bankrupt for confirmation of the special master's report, and it is opposed by the petitioning creditor.

The statute (11 U.S.C.A. § 95) is silent on the question as to whether current running accounts which are ordinarily paid from month to month constitute claims of such nature as to designate their holders creditors under the purview of this act. Petitioner cites the following cases holding that such claims cannot be counted: In re Blount (D.C.) 142 F. 263, 268; In re Burg (D.C.) 245 F. 173, 174; In re Branche (D.C.) 275 F. 555, 556, 557; Security Bank & Trust Co. v. Tarlton (D.C.) 294 F. 698, 701. To the contrary are the following: In re Alden (D.C.) 2 F.(2d) 61; In re Hall (D.C.) 27 F.(2d) 999, 1000; Grigsby-Grunow Co. v. Hieb Radio Supply Co. (C.C.A.) 71 F.(2d) 113, 114.

In the case at bar, no claim is made by the petitioning creditor that the claims are fictitious or fraudulent. It is asserted that the alleged bankrupt is "fraudulently keeping the claims in question alive" by having her friends hold them on assignments. This question is immaterial in this case, because the number of creditors is to be determined as of the date of the filing of the petition (Moulton v. Coburn [C.C.A.] 131 F. 201, certiorari denied 196 U.S. 640, 25 S.Ct. 796, 49 L.Ed. 631) and these assignments were not made until after the filing of the petition. They were made before the filing of the answer, however, and at the date of the answer the assignees were bona fide creditors by assignments for value. In Navison Shoe Co. v. Lane Shoe Co. (C.C.A.) 36 F.(2d) 454, small claims were purchased with the apparent intention of preventing the petitioning creditor from persuading them to join in his petition. The court held that these claims were to be counted, because the number controlling is the number outstanding on the day of the filing of the petition.

Thus it appears from the more recent cases and from the only Circuit Court of Appeals cases found and the better view is that the small running account claims should be counted as of the date the petition is filed, because no exception has been made with regard to them and they are claims provable in bankruptcy.

The report of the special master must be confirmed, and it is so ordered.