**In the Matter of Wallace E. KIRK, individually and trading as Wallace E. Kirk Company, Bankrupt.**

No. 61–191.

United States District Court
W. D. Pennsylvania.

Oct. 3, 1961.

————◇————

Walter M. Newman and W. S. Bowser, Pittsburgh, Pa., for creditor.

Bernard Goodman, Pittsburgh, Pa., for debtor.

WILLSON, District Judge.

In this involuntary bankruptcy proceeding against Wallace E. Kirk, individually and trading as Wallace E. Kirk Company, one creditor filed the involuntary petition seeking the adjudication. The creditor is Tice F. Ryan, Jr. whose claim for professional services amounts to $8,829.13. An answer was filed raising the issue that as Kirk had more than 12 creditors and as the petition failed to contain the names of three petitioning creditors, Section 59 of the Bankruptcy Act, 11 U.S.C.A. § 95 was applicable and the proceeding should be dismissed. The case came on for trial non-jury. The evidence offered was by the petitioning creditor and the alleged bankrupt, Wallace E. Kirk and his bookkeeper. The evidence substantiated the claim of the defendant that his creditors amounted to some 19 in number, one of whom was his wife. The evidence established the 19 creditors as having bonified claims against the alleged bankrupt. But assuming, says the plaintiff, that 4 of the 19 creditors listed are judgment creditors not entitled to be counted under 11 U.S.C.A. § 95, sub. e, then subtracting also 6 so-called small current claims, the creditors actually are less than 12, that is 9 in number. For computing the number of creditors under Section 95, sub. e, plaintiff says that the following creditors' claims should not be taken into account.

"Bell Telephone Company of
Pennsylvania                 $98.43
E. S. Dice Plumbing Con-
tractor                        53.06
Duquesne Light Company         21.00
Hawkinson Treads, Inc;        123.24
Patsy Pampena                 206.00
Wiggins Esso Service           99.33"

Plaintiff's counsel characterizes the 6 claims as being small current claims. Counsel points to In re Blount, D.C., 142 F. 263, as indicating that the holders of this type of claim should not be considered in determining the number of creditors existing for the purpose of determining whether more than 3 creditors are required in an involuntary proceeding. However, this court feels bound by a decision of the late Honorable Robert M. Gibson, long time judge of this bench. The case is In the Matter of Hall, D.C. 1928, 27 F.2d 999, wherein he holds that even small bonified claims for small personal expenses shall be counted. That decision stands as a decision of this court. It is my impression that it should be followed not only because of the rule of stare decisis but because it is within the spirit and the language of the bankruptcy act. See also Grigsby-Grunow Co. v. Hieb Radio Supply Co., 8 Cir., 1934, 71

F.2d 113, and Re Alden, D.C.Mass.1924, 2 F.2d 61.

Therefore, this court finds that at the time this petition was filed on June 6, 1961, the said Wallace E. Kirk alleged bankrupt had more than 12 creditors within the meaning of the statute and therefore the petition must be and will be directed to be dismissed. The foregoing shall comprise the findings of fact and the conclusions of law.