In the Matter of **COLORADO LIME COMPANY, Inc.,** Alleged Bankrupt.
**PETE LIEN & SONS, INC.,** Petitioning Creditor,

v.

**COLORADO LIME COMPANY, Inc.,** Respondent.

No. 68–B–3719.

United States District Court
D. Colorado.

April 28, 1969.

Holland & Hart, by Mr. John S. Castellano, Denver, Colo., for petitioning creditor.

Leslie A. Gross, Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

On November 22, 1968, Pete Lien & Sons, Inc., as the sole petitioning creditor, filed a petition to have the respondent, Colorado Lime Company, adjudicated an involuntary bankrupt. Petitioner alleged that it is a creditor of Colorado Lime Company in an amount of $500.00 in excess of any security and that Colorado Lime had less than twelve creditors. Respondent in its answer specifically denied that its creditors were less than twelve in number on the date the petition was filed and attached a list of twenty-five creditors with their addresses and a brief statement of the nature of their claims and the amounts thereof.[1] In accordance with Section 59(d) of the Bankruptcy Act, notice of the pendency of the petition was sent to all known creditors and they were given until February 3, 1969, to join in the creditor's petition. No other creditors have joined in the petition and, therefore, Pete Lien & Sons, Inc., stands alone as the sole petitioning creditor.

Although other issues have been argued, we need only consider the threshold issue of jurisdiction to entertain the petition. Proper notices have been dispatched, there has been a hearing in open court, briefs have been filed and the matter now stands submitted.

I.

| Creditor | Nature of Claim | Amount |
|---|---|---|
| West Bearings | General supplies | $ 69.89 |
| Colorado Springs Utilities | Utilities | 2,120.04 |
| Colorado Springs Machine | Machine repairs | 297.31 |
| Castle Concrete | Supplies | 4,842.90 |
| Electric Motor | Electrical repairs | 65.00 |
| Justice Tire Co. | Tires and service | 695.96 |
| Motor Parts & Supplies | General supplies | 200.97 |
| Neil Momley Radiator | Repairs | 7.00 |
| Pikes Peak Fuel (Division of Golden Cycle Corp.) | Lessor—rent and royalties | 1,736.52 |
| Supperstein Steel & Supply | General supplies | 52.36 |
| D. R. Scott Oil | Gas and oil | 99.84 |
| Toops & Weingarth | Accounting services | 235.00 |
| Union Supply | Supplies | (920.91) |
| Walker Bros. Lumber | Supplies | 18.56 |
| Steel, Jacobs, Gardner | Insurance | 128.00 |
| Pete Lien & Sons | Merchandise account | 24,167.21 |
| Capitol Sanitary Industrial Laundry | Laundry | 94.54 |
| Acme Welding | Welding supplies | 54.59 |
| Development Engineering | Engineering supplies | 2,688.30 |
| Leslie A. Gross | Legal services | 2,000.00 (est.) |
| * Golden Cycle Corporation | Promissory note | $50,000.00 |
| Brake Service Wholesale | Brake service | 237.07 |
| * Colorado Springs National Bank | Chattel mortgage—equipment | 2,227.50 |
| * C.I.T. | Equipment (loader) | 2,210.34 |
| * Ingersol Rand | Equipment (storage bin) | 9,264.70 |

* Secured

Section 59(b) of the Bankruptcy Act provides that three or more creditors may file a petition to have a person adjudicated an involuntary bankrupt, but that if all of the creditors of the alleged bankrupt are less than twelve in number, then one or more creditors may file the petition. The sole petitioning creditor is Pete Lien & Sons, Inc.; no other creditors have joined in the proceeding. If, therefore, Colorado Lime Company had more than eleven creditors on November 22, 1968, the petition must be dismissed for lack of jurisdiction.

Section 59(e) of the Bankruptcy Act furnishes the guidelines to be used in determining the number of creditors under section 59(b). Section 59(e) provides:

> "In computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, there shall not be counted (1) such creditors as were employed by the bankrupt at the time of the filing of the petition; (2) creditors who are relatives of the bankrupt or, if the bankrupt is a corporation, creditors who are stockholders or members, officers or members of the board of directors or trustees or of other similar controlling bodies of such bankrupt corporation; (3) creditors who have participated, directly or indirectly, in the act of bankruptcy charged in the petition; (4) secured creditors whose claims are fully secured; and (5) creditors who have received preferences, liens, or transfers void or voidable under this Act."

Both parties agree that eight of the twenty-five creditors listed in the answer are not to be counted under § 59(e),[2]

thus leaving seventeen creditors for the consideration of the Court.

Petitioner contends that eight of the creditors[3] whose claims are less than $100.00 should not be counted in determining the number of creditors under § 59(b) because these are small claims which have been incurred for current expenses. Section 59(e) specifically enumerates the creditors which are not to be counted in computing the number of creditors under § 59(b), and there is neither express, nor implied, exclusion of creditors whose claims are for small current expenses. Petitioner argues, however, that the courts have added an additional exclusion to those contained in § 59(e). In essence this is that creditors who have small claims for current expenses are not to be counted. Petitioner's contention rests on the early case of In re Blount, 142 F. 263 (E.D. Ark.1906), and three subsequent cases which have followed the rationale of the *Blount* decision. Security Bank & Trust Co. v. Tarlton, 294 F. 698 (W.D.Tenn. 1923); In re Branche, 275 F. 555 (N.D. N.Y.1921); In re Burg, 245 F. 173 (N.D.Tex.1917). The reasoning of these cases is that a court will not aid the implementation of schemes or artifices to avoid the letter and spirit of the involuntary feature of the Bankruptcy Act. The type of scheme or artifice condemned by these cases is: A debtor conveys all his property, with the avowed intention of preferring all of his creditors except one or two, and then he avoids involuntary bankruptcy by creating eleven or more creditors by purchasing small items and having them charged on a monthly account. By paying these monthly accounts promptly each month,

---

2. The Golden Cycle Corporation, Colorado Springs National Bank, C.I.T., Ingersol Rand, Union Supply Company, Pete Lien & Sons, Inc., Leslie A. Gross, and Pike's Peak Fuel.

3. West Bearings—$69.89 for general supplies; Electric Motor—$65.00 for electrical repairs; Neil Momley Radiator—$7.00 for repairs; Supperstein Stell & Supply—$52.36 for general supplies; D. R. Scott Oil—$99.84 for gas and oil; Walker Bros. Lumber—$18.56 for supplies; Capitol Sanitary Industrial Laundry—$94.54 for laundry; and Acme Welding—$54.59 for welding supplies.

after additional purchases have been made and charged, the debtor would always have a number of creditors ready to be used to defeat an involuntary bankruptcy petition. It is very unlikely that creditors of this kind, who feel secure in having their bills paid promptly, would wish to incur the risk of losing a good customer in order to join a bona fide creditor in instituting proceedings in bankruptcy. The idea would thus appear to be that the small creditor is not genuine or bona fide. It does not appear in our case, however, that any such scheme is being practiced or that the creditors are not true creditors.

In any event, the more recent cases appear to uniformly disapprove *In re Blount* and its followers. They hold that creditors holding small claims for current expenses must be counted in computing the number of creditors who must join in the involuntary petition. In re Kirk, 198 F.Supp. 771 (W.D.Pa.1961); Grigsby-Grunow Co. v. Hieb Radio Supply Co., 71 F.2d 113 (8th Cir. 1934); In re Luther, 63 F.Supp. 83 (W.D.Mo. 1945), aff'd, 151 F.2d 397 (8th Cir. 1945), cert. denied, 327 U.S. 781, 66 S.Ct. 681, 90 L.Ed. 1009 (1946); In re Murray, 14 F.Supp. 146 (W.D.N.Y.1936); In re Hall, 27 F.2d 999 (W.D.Pa.1928); In re Alden, 2 F.2d 61 (D.Mass.1924); In re Brown, 111 F. 979 (E.D.Mo.1901). The basis of the decisions is that the exclusion of *Blount* is not in the Bankruptcy Act [§ 59(e) and its predecessors] and, therefore, that the courts are not justified in engrafting this additional exclusion; that the proper appeal was to Congress rather than to the courts.

It is concluded that the creditors whose claims are "small", whatever that may be, must be counted.

The Clerk is directed to dismiss the creditor's petition and the cause of action.