In the Matter of Ben OKAMOTO, Alleged Bankrupt.

HORNBLOWER & WEEKS–HEMPHILL, NOYES, Petitioner-Appellant,

v.

Ben OKAMOTO, Alleged Bankrupt-Appellee.

No. 71-3013.

United States Court of Appeals, Ninth Circuit.

Jan. 21, 1974.

---

John A. Donnelly, Claire D. Johnson, William Smiland (argued), of Donnelly, Clark, Chase & Haakh, Los Angeles, Cal., for appellant.

Robert L. Ordin, Richard F. Broude (argued), Los Angeles, Cal., for appellee.

Before ELY and CHOY, Circuit Judges, and SOLOMON,* District Judge.

## OPINION

ELY, Circuit Judge:

On November 28, 1969, Hornblower & Weeks-Hemphill, Noyes (hereinafter "Hornblower") filed a petition that Okamoto be adjudged an involuntary bankrupt. Hornblower attempted to proceed as the sole petitioning creditor, pursuant to section 59(b) of the Bankruptcy Act, 11 U.S.C. § 95(b). Okamoto's answer alleged that he was indebted to more than eleven creditors, and the answer was accompanied by a schedule listing twenty-one creditors. The Referee in Bankruptcy conducted a hearing under section 59(d) [1] and found that Okamoto had nineteen unsecured creditors which must be counted. Since a single creditor cannot proceed under section 59(b) unless the total number of claimants is less than twelve, the Referee dismissed Hornblower's petition. On review, the District Court affirmed the Referee's Order of dismissal.

Here, Hornblower attacks the finding of the Bankruptcy Court that Okamoto had more than eleven creditors. Hornblower principally asserts that creditors for relatively small current expenses should be excluded in computing the total number of creditors under section 59(b). Section 59(b) provides in part:

"Three or more creditors who have provable claims not contingent as to liability against a person, amounting in the aggregate to $500 in excess of

the value of any securities held by them, or, if all of the creditors of the person are less than twelve in number, then one or more of the creditors whose claim or claims equal that amount, may file a petition to have him adjudged a bankrupt . . . ."

If less than three creditors join in the petition, section 59(e) [2] furnishes the guidelines for computing the total number of claimants. Although section 59(e) does not provide for the exclusion of creditors with small claims, Hornblower contends that the doctrine of *de minimis non curat lex* should be applied. Since eight of the debts here involved were for amounts less than sixty-five dollars, Hornblower argues that the total number of creditors meets the statutory limit.

In support of its contention, Hornblower cites several early District Court decisions, including In re Blount, 142 F. 263 (E.D.Ark.1906). At the time of filing its petition, Hornblower recognized that the more recent decisions had disapproved the *Blount* rationale. See, e.g., Grigsby-Grunow Co. v. Hieb Radio Supply Co., 71 F.2d 113 (8th Cir. 1934); In re Colorado Lime Co., 298 F.Supp. 1053 (D.Colo.1969). Subsequent to the decision by the Bankruptcy Court, however, the Fifth Circuit issued its opinion in Denham v. Shellman Grain Elevator, Inc., 444 F.2d 1376 (5th Cir. 1971). In *Denham* the Court adopted a similar contention to that here advanced, holding that creditors claiming insignificant amounts are not to be included in determining the total number of creditors for the purposes of section 59(b). The Court explained:

"It is our belief that whether or not a scheme was involved, it was not the intent of Congress to allow recurring bills such as utility bills and the like to create a situation which, by refusal of these small creditors to join in an

---

* Honorable Gus J. Solomon, Senior United States District Judge, Portland, Oregon, sitting by designation.

1. Bankruptcy Act § 59(d), 11 U.S.C. § 95(d).

2. Bankruptcy Act § 59(e), 11 U.S.C. § 95(e).

involuntary petition, can defeat the use of the Bankruptcy Act by a large creditor, as in the subject case. This would be grossly inequitable, and for this reason this Court refuses to follow the *Colorado Lime* decision."

444 F.2d at 1379. The Court also referred to section 56(c) of the Bankruptcy Act[3] to demonstrate the Congressional treatment of small claims in other situations.

We are not persuaded by *Denham*, for it appears to us that the *Denham* court ignored unambiguous Congressional direction. The Congress has explicitly prescribed the procedure that must be followed when less than three creditors join in the petition. In such circumstances the Act provides that the alleged bankrupt *must* have less than twelve creditors and expressly excludes certain types of creditors from the required computation. Since Congress made no distinction between large and small claims, we cannot arrogate unto ourselves the power to do so and thereby engraft an additional exception to the Act. Hornblower's argument properly should be addressed to the Congress. Our conclusion is reinforced by the fact that Congress has clearly and expressly excluded small claims when it has intended to do so. *See* Bankruptcy Act § 56(c), 11 U.S.C. § 92(c).

■ Rejecting Hornblower's first contention, we reach its assertion that the small creditors should be discounted because Okamoto entered into a scheme to circumvent the provisions of the Act. The short answer to this contention is that the Referee concluded that no such scheme or device had existed. We cannot, in the light of the evidence, hold that this finding was clearly erroneous.

■ Hornblower also attacks the inclusion of certain creditors as not being creditors of Okamoto. It asserts that two of the debts were incurred by others through the use of credit cards issued in Okamoto's name. The Referee found that the cards were used with Okamoto's consent and that the obligations were owed by him. This finding also has substantial evidentiary support and is not clearly erroneous.

Finally, Hornblower contends that Okamoto Enterprises, a partnership, is indebted to six of the creditors and that these claimants should not be included for section 59 purposes. Even if we assume, *arguendo*, that these creditors were improperly included, the number of creditors still exceeded eleven.

■ Since Okamoto was indebted to more than eleven creditors and only one claimant filed the petition under section 59(b), the petition was properly dismissed.

Affirmed.

---

3. Bankruptcy Act § 56(c), 11 U.S.C. § 92(c), provides:

"Claims of $50 or less shall not be counted in computing the number of creditors voting or present at creditors' meetings, but shall be counted in computing the amount."