980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph LUCIEN, Plaintiff-Appellant,
v.
Howard A. PETERS, III.,[1] Director, Illinois
Department of Corrections, et. al., Defendants-Appellees.
 No. 91-3535.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 24, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Rudolph Lucien, a state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging the prison Adjustment Committee deprived him of his constitutional right to due process when they found him guilty of possession of marijuana. For the following reasons, we affirm the district court's entry of summary judgment for the defendant and dismissal of the motion to stay discovery.
 
 I. FACTS
 
 2
 On April 9, 1990, at the Pontiac Correctional Center, plaintiff was strip-searched by Lieutenant Gaither and Officer, Cole. During the search, two small clear plastic bags containing marijuana were discovered, allegedly contained inside plaintiff's watch. The substance was confirmed by the prison armory to be marijuana. On the same day, plaintiff received a copy of defendant Cole's disciplinary report charging him with possession of drugs and paraphernalia.
 
 
 3
 On April 12, 1990, plaintiff appeared before the prison Adjustment Committee and delivered a written statement refuting the charges and requesting that Officer Cole testify. Without calling Officer Cole to testify, the Adjustment Committee found plaintiff guilty of the charges. A three month "across-the-board" sanction was imposed, including a demotion to "C" grade, disciplinary segregation, and revocation of statutory good time or good conduct credits.
 
 
 4
 Plaintiff filed this § 1983 action claiming deprivation of due process. Cross-motions for summary judgment were filed, as well as defendants' motion to stay discovery and plaintiff's motion in opposition. The district court granted summary judgment for the defendants, denied plaintiff's motion for summary judgment, entered judgment in favor of the defendants, and deemed the motion to stay discovery moot. Plaintiff asserts that the district court erred in entering summary judgment for defendants and in dismissing the motion to stay discovery.
 
 II. ANALYSIS
 A. Standard of Review
 
 5
 We review the district court's grant of summary judgment de novo, and we accept all facts and reasonable inferences in the light most favorable to the non-moving party. Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991); Pardo v. Hosier, 946 F.2d 1278, 1280 (7th Cir.1991). To avoid summary judgment, however, the party adverse to the motion, must present some evidence that a genuine issue of material fact exists. Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). No genuine issue of material fact will be found if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1363 (7th Cir.1988) (citations omitted).
 
 B. Due Process
 1. Protectable Liberty Interest
 
 6
 Because Mr. Lucien was deprived of accumulated good time or good conduct credits, which he retains a liberty interest in, he is entitled to the protections of the Due Process Clause. Hamilton v. O'Leary, No. 91-1993, slip op. at 5 (7th Cir. Sept. 28, 1992); see also ILL.REV.STAT. ch. 38, para. 1003-6-3 (1991); Wolff v. McDonnell, 418 U.S. 539, 557 (1974).
 
 2. Adequacy of Hearing Procedures
 
 7
 "In evaluating constitutional claims of prisoners, we must balance the need to protect prisoners' procedural rights against the need for prison safety and security." Pardo, 946 F.2d at 1280; see Wolff, 418 U.S. at 556. Wolff outlined the due process inmates are entitled to when a prison disciplinary hearing may result in the loss of a protected liberty interest. The basic due process protections include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his/her defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67; Superintendent, Massachusetts Correctional Instit., v. Hill, 472 U.S. 445, 455, (1985). In order to meet the minimum requirements of due process, the findings of the disciplinary board must be supported by "some evidence" in the record. Id. at 454. Mr. Lucien challenges the Adjustment Committee's compliance with each due process protection afforded by Wolff. We will discuss each in turn.
 
 
 8
 a. adequate notice
 
 
 9
 Written notice must be provided at least 24 hours prior to the Adjustment Committee hearing for the purpose of allowing the inmate time to prepare a defense to the pending charge. Wolff, 418 U.S. at 564-65. Although plaintiff disputes the legibility of the written notice, he did receive timely notice of the charges and, as the district court noted, was able to and did, in fact, prepare a written defense to the charges. This fact alone demonstrates that the purpose of the notice requirement was fulfilled. Therefore, we conclude that adequate notice was received to sufficiently satisfy due process.[2]
 
 
 10
 b. no right to confront witness
 
 
 11
 The crux of plaintiff's due process claim centers on the fact that Officer Cole was not called as a witness at the Adjustment Committee hearing. Prison officials properly denied plaintiff's written request submitted at the start of the hearing as untimely. See ILL.ADMIN.CODE. tit. 20 § 504.80(f)(2) (1991); Ponte v. Real, 471 U.S. 491, 497 (1985). Plaintiff also claims to have submitted a proper and timely witness request. However, this is not reflected by the Adjustment Committee summary.[3]
 
 
 12
 Although the right to call witnesses is basic to a fair hearing, Wolff, 418 U.S. at 566, prison inmates are not entitled to "the full panoply of rights due a defendant" in a criminal proceeding. Id. at 563. This right is necessarily circumscribed by the penological need to provide swift discipline in individual cases and by the very real dangers which may result from violence or intimidation directed at either other inmates or staff. Id. at 556; Baxter v. Palmigiano, 425 U.S. 308, 321 (1976).
 
 
 13
 In comparison to the right to call witnesses, Wolff noted that the right of confrontation and cross-examination presents even greater hazards to institutional interests. 418 U.S. at 567. Accordingly, this court has extended the reasoning of Wolff to hold that in the context of disciplinary hearings, "inmates have no right to confront and cross examine adverse witnesses...." Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992) (citing Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976)); see also ILL.ADMIN.CODE tit. 20 § 504.80(h)(2) (1991).
 
 
 14
 C. Sufficiency of Evidence relied on by Adjustment Committee
 
 
 15
 It is well-established that the sufficiency of evidence standard is met if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455. Due process, therefore, is satisfied where "some evidence" supports the disciplinary committee's decision. Id. Furthermore, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id.; McKinney v. Meese, 831 F.2d 728, 733 (7th Cir.1987).
 
 
 16
 Plaintiff argues that the evidence relied on by the Adjustment Committee was inadequate for basically three reasons; (1) the reporting officer's report was falsified,[4] (2) there was insufficient evidence linking the contraband to the plaintiff because the reporting officer did not observe the contraband in plaintiff's watch or come from it, and finally (3) plaintiff disputes admitting that the marijuana came from his watch.
 
 
 17
 Arguably, there is inadequate evidence for a finding of guilty where a disciplinary committee relies only on a falsified disciplinary report and does not garner other reliable evidence.[5] However, it is not the function of this court to reconsider whether the disciplinary report was falsified. Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir.1984). Once the procedural protections of Wolff are afforded, the court's role is limited to determining whether sufficient evidence supports the disciplinary committee's decision. Hanrahan, 747 F.2d at 1141; McKinney, 831 F.2d at 733.
 
 
 18
 Although defendants do not indicate whether Officer Cole was questioned regarding the allegations of falsification, the Adjustment Committee heard plaintiff's argument that he was framed and obviously believed the reporting officer to be more credible than plaintiff. In addition, the Adjustment Committee states reliance on the observation of the reporting officer. Although plaintiff disputed this observation at the hearing, the committee chose to believe the report. As noted above, it is not our position nor that of the district court to reassess the credibility of the reporting officer or his report or to second-guess the disciplinary committee's weighing of the evidence.
 
 
 19
 Finally, the Adjustment Committee also relied on plaintiff's admission. On appeal, plaintiff disputes admitting that the contraband came from his watch. However, plaintiff did not provide the district court with any evidence to demonstrate his denial, and so we accept the committee's finding as true. See Morris Paint & Varnish, 773 F.2d at 135. Clearly, these findings amount to some evidence to support the committee's decision. Therefore, we find that plaintiff received the due process accorded by Wolff.
 
 D. Dismissal of Motion to Stay Discovery
 
 20
 The final issue we address is whether the district court abused its discretion in not ruling on the outstanding discovery motion prior to granting defendant's motion for summary judgment. Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983). The district court is given wide discretion with respect to discovery matters. Id.; Castillo v. St. Paul Fire & Marine Ins. Co., 938 F.2d 776, 778 (7th Cir.1991); United States v. Valona, 834 F.2d 1334, 1341 (7th Cir.1987); In re Rassi, 701 F.2d 627, 631 (7th Cir.1983). Limitations on the manner and course of discovery will be reversed only upon a showing that the limitation is "improvident and prejudices a party's substantial rights." Rassi, 701 F.2d at 631; Brown-Bey, 720 F.2d at 471.
 
 
 21
 Plaintiff argues that his substantial rights were prejudiced by the district court's action. He claims that had he been allowed to conduct discovery, he would have been able to put forth sufficient evidence to create a genuine issue of material fact which would have precluded summary judgment. However, the discovery which plaintiff sought is unclear. He fails to identify what evidence he was lacking or what that evidence would demonstrate. Moreover, the record indicates that plaintiff did submit affidavits and other documentary proof apparently without any difficulty. (R.Doc. 6). In short, plaintiff has not presented any evidence to lead us to conclude that he was prejudiced by the court's decision not to rule on the discovery motion before granting defendant's motion for summary judgment. Therefore, we cannot say that the district court abused its discretion in so ruling.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Howard A. Peters III., is substituted for Kenneth McGinnis pursuant to Fed.R.App.P. 43(c)(1)
 
 
 [2]
 It is interesting to note that while the disciplinary report appended to plaintiff's brief in support of this argument is nearly black, the witness detachment form, originally at the bottom of this same report, which plaintiff allegedly completed and returned to the committee, is clearly legible
 
 
 [3]
 Plaintiff argues that he returned, in a timely and proper manner, the bottom portion of the disciplinary report which provides for witness requests. However, copies of the disciplinary report submitted to the district court by both plaintiff and defendant show the detachment form blank and intact. Because in reviewing a grant of summary judgment, we are allowed to consider only that which was available to the district court, In Re Morris Paint & Varnish Co., 773 F.2d 130, 134 (7th Cir.1985), we conclude that there is no indication in the record that a proper request for witnesses was made prior to the hearing. Plaintiff's raises other arguments to support a finding that he submitted a timely and proper notice. However, we find them also lacking in evidentiary support
 
 
 [4]
 Cole based his report on: his participation in the strip-search, Lt. Gaither's discovery of marijuana inside of plaintiff's watch, the armory's confirmation of the substance as contraband, and an unbroken chain of custody. (R. defendant's exhibit D)
 However, Mr. Lucien claims the contraband was planted by the officers in retaliation for his position as a law library clerk and for the many lawsuits he had commenced and assisted others in bringing against prison officials.
 
 
 [5]
 In a recently decided opinion, this court stated: "where the underlying facts of the charged misconduct are in issue, the testimony of the charging officer would be relevant (and perhaps indispensable), and prison officials would have to offer some penological justification ... for refusing to call such a witness." Forbes v. Trigg, No. 91-2282, 1992 U.S.App. LEXIS 21815, at *30-31 (7th Cir. Sept. 15, 1992). It appears that when there is an allegation of a false disciplinary report, and a proper and timely witness request to call the charging officer, at the minimum, the disciplinary committee should be required to offer some penological justification for refusing to call the witness. Alternatively, under these circumstances, prudence would call for confirmatory evidence of the incident which is the subject of the report. However, because no proper witness request was made in this case, we need not take an affirmative stance on such a scenario