**In re IMMUDYNE, INC., Alleged Debtor.**

**Bankruptcy No. 97–53018–H3–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 10, 1998.

John James Sparacino, Andrews and Kurth, Houston, TX, for Debtor.

*MEMORANDUM OPINION*

LETITIA Z. CLARK, Bankruptcy Judge.

The court has considered the motion for continuance (Docket No. 9) filed by Byron Donzis, Martha Donzis, and Carmel Research, Inc. ("Petitioners"). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming

Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## *Findings of Fact*

Petitioners filed an involuntary petition against Immudyne, Inc. ("Immudyne") on December 30, 1997. Immudyne was served with a summons and copy of the involuntary petition by certified mail, return receipt requested, on January 6, 1998.

On January 26, 1998, Immudyne filed a motion to dismiss the involuntary petition. (Docket No. 4). In the motion to dismiss, Immudyne alleges that Petitioners lacked standing to file the involuntary petition, and that the involuntary petition was filed in bad faith. Immudyne also seeks damages, and entry of an order requiring Petitioners to post a bond for any damages which may be awarded.

On February 2, 1998, the court entered an order setting trial on the involuntary petition and a hearing on the motion to dismiss for February 4, 1998, at 10:00 a.m.

On February 3, 1998, Petitioners filed the instant motion for continuance (Docket No. 9), seeking a continuance of 30 days in order to take discovery as to the motion to dismiss, and seeking a continuance of 90 days in order to take discovery for trial of the involuntary petition.

After Petitioners filed the instant motion for continuance, the court directed that the hearing on the motion to dismiss and the trial of the involuntary petition would not proceed on February 4, 1998. The court held a hearing as to the instant motion for continuance on February 4, 1998. Following the hearing, the court set an additional hearing regarding discovery issues for February 9, 1998, and set the involuntary petition for trial beginning February 13, 1998.

At the hearing, counsel for Petitioners stated that he needs to take depositions of three persons: Leonid Ber, M.D., the Interim Chief Operating Officer of Immudyne, and the affiant of an affidavit attached to the motion to dismiss; Linda Fowler, the Accounting Manager of Immudyne, and the affiant of an affidavit attached to the motion to dismiss; and a representative of BDO Seidman, the accounting firm which apparently audited Immudyne's 1996 financial statements.

At the hearing, counsel for Immudyne took the position that Petitioners should be required to stand on their prepetition investigation of the facts supporting the involuntary petition without the benefit of discovery.[1]

## *Conclusions of Law*

■ A motion brought pursuant to Fed. R.Civ.P. 12(b) is an appropriate means to bring before the court the merits of an involuntary petition. *In re Elsa Designs, Ltd.,* 155 B.R. 859 (Bankr.S.D.N.Y.1993); *In re Tikijian,* 76 B.R. 304 (Bankr.S.D.N.Y.1987).

The procedure for resolution of a contested involuntary petition is governed by Bankruptcy Rule 1018, which provides in pertinent part:

> The following rules in Part VII apply to all proceedings relating to a contested involuntary petition...: Rules 7005, 7008–7010, 7015, 7016, 7024–7026, 7028–7037, 7052, 7054, 7056 and 7062.

Bankruptcy Rule 1018.

■ The court has wide discretion to determine the manner and course of discovery, with respect to an involuntary petition. The court may limit discovery, as long as such limitation does not prejudice a party's substantial rights. *Matter of Rassi,* 701 F.2d 627 (7th Cir.1983).

The instant case requires the court to harmonize the discovery rules with Bankruptcy Rule 1013(a), which provides that "[t]he court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss

---

1. In its post-hearing brief, Immudyne acknowledges that the court has discretion to determine what discovery may be permitted.

**862**

the petition or enter any other appropriate order."

■ The purpose of Bankruptcy Rule 1013(a) is the avoidance, to the extent possible, of the consequences of the involuntary petition in the absence of the entry of an order for relief. These consequences often include loss of credit standing, a chilling effect on the willingness of creditors and third parties to transact business in the ordinary course, and possible public embarrassment. *See In re Zadock Reid,* 773 F.2d 945 (7th Cir.1985).

■ In the instant case, Petitioners have a need to take depositions of Ber, Fowler, and a representative of BDO Seidman, in order to present evidence in support of the involuntary petition. This need must be balanced against the need of Immudyne to transact its business in the ordinary course. The court concludes that limited discovery should be permitted with respect to the issue of the standing of Petitioners to file the involuntary petition, and with respect to the issues of whether Immudyne is paying its debts as such debts become due.

With respect to the issue of bad faith, that issue is not properly considered under Rule 12(b), because it does not go to the court's subject matter jurisdiction or the merits of the involuntary petition. Rather, such bad faith, if it were to exist, would be better addressed on a motion to dismiss the case pursuant to 11 U.S.C. § 707(a). The court concludes that no discovery need be had on an expedited basis prior to trial on the involuntary petition with respect to Immudyne's proof as to bad faith.

Based on the foregoing, the court concludes that Petitioners may depose Ber, Fowler, and a representative of BDO Seidman prior to February 28, 1998. Immudyne may depose the Petitioners. Trial on the involuntary petition will begin on March 4, 1998, at 9:00 a.m., and will continue on March 6, 1998. The parties shall file trial statements on or before March 2, 1998.