**In re Ceresa Annette ROTHERY, Debtor.**

**v.**

**Ceresa ROTHERY, Appellant,**

**v.**

**Larry CUNNIGHAM and Mark Tenner, Appellees.**

**BAP Nos. CC–96–1735–MeHaMa, CC–96–1736–MeHaMa.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 19, 1997.

Decided July 14, 1997.

Michael Leight, Jeffrey Cunningham, Seal Beach, CA, for Ceresa Rothery.

Sidney Lanier, Torrance, CA, for Larry Cunningham.

Grant A. Carlson, Los Angeles, CA, for Mark Tenner.

Before: MEYERS, HAGAN and MARLAR [1], Bankruptcy Judges

## OPINION

MEYERS, Bankruptcy Judge.

## I

### FACTS

Larry Cunningham ("Cunningham") obtained a judgment exceeding $140,000 in compensatory and punitive damages against Ceresa Rothery ("Rothery"). Cunningham then conducted a debtor's examination on February 8, 1996. He discovered that in October 1995, after Rothery's husband died, Rothery received over $500,000 in insurance proceeds. Rothery also revealed that she had transferred large sums of the proceeds, including a payment of $200,000 to her husband's parents to pay off an alleged debt.

Cunningham filed an involuntary bankruptcy petition against Rothery the next day. Mark Tenner ("Tenner") joined in the petition. Tenner obtained a judgment against Rothery's husband on October 6, 1992, and asserted that he could enforce it against Rothery.

Rothery filed an answer in which she asserted she had no fewer than twelve creditors. Rothery then filed a motion to dismiss the petition on the basis that it required more than two petitioners. In support of the motion Rothery filed a declaration referencing the list of creditors attached to her answer. Cunningham responded to the motion to dismiss with excerpts from the debtor's examination. Cunningham also made a cross-motion requesting the entry of an order of relief.[2]

Pursuant to Fed.R.Civ.P. 12(b), as incorporated by Fed.R.Bankr.P. 7012, the court treated the motion as one for summary judgment because the parties had submitted matters outside the pleadings for the court's consideration. The court then ruled that Rothery had failed to demonstrate that she had more than 12 creditors. It ruled *sua sponte* against Rothery on the issue of whether she had fewer than 12 creditors and whether the involuntary petition was adequate with only Cunningham and Tenner as petitioners. The court also ruled that, alternatively, special circumstances existed for disregarding the requirement for three petitioners. On the other hand, the court denied Cunningham's own request for the entry of an order for relief. It stated that Cunningham had not provided the required 21–days notice to Rothery before seeking summary judgment.

The court reserved one issue for trial: whether Rothery was paying her debts as they became due. However, it later allowed Cunningham to bring a motion for summary judgment on that issue. It granted that motion on July 26, 1996, and entered an order for relief. Rothery appeals the order.

We REVERSE in part and AFFIRM in part.

## II

### STANDARD OF REVIEW

An order granting summary judgment is reviewed *de novo*. *In re Baird*, 114 B.R. 198, 201 (9th Cir. BAP 1990). "The reviewing court will affirm a grant of summary judgment only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the non-

---

1. Honorable James M. Marlar, Bankruptcy Judge for the District of Arizona, sitting by designation.

2. Review of this appeal is hampered by Rothery's failure to include several pleadings in the record. For example, the record does not include a copy of Rothery's motion to dismiss or a copy of

Cunningham's opposition. However, attached to the declaration of Cunningham's counsel, in connection with a later hearing in this case, are copies of Rothery's declaration and the pertinent deposition testimony.

moving party, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *In re Yarbrow*, 150 B.R. 233, 236 (9th Cir. BAP 1993).

# III

## DISCUSSION

### A. *The Court Failed to Provide Rothery with a Fair Opportunity to Respond to the Court's Sua Sponte Action*

Fed.R.Civ.P. 12(b) provides that if on a motion to dismiss for failure to state a claim for relief:

matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

■ If the parties submit material outside the pleadings and the court relies on those materials, the motion is converted. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996). Rothery submitted matters outside of the pleading when she filed her declaration in support of her motion. Her declaration was filed to contradict a factual assertion in the petition which would have required the court to go beyond the four corners of the petition. This would not be proper under Fed.R.Civ.P. 12. It is clear that Rothery was seeking a ruling by the court that there was no genuine dispute that she had at least 12 creditors. The court recognized this and relied on that declaration, as well as the documents submitted by Cunningham in opposition to Rothery's motion to dismiss. The court correctly treated Rothery's motion as one for summary judgment.

■ When a motion to dismiss is converted to one for summary judgment the court is required to provide the parties a reasonable opportunity to present relevant material. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986). Generally, notice is required so that the non-moving party will not be at the disadvantage of being unprepared to respond. *Portland Retail v. Kaiser Foundation*, 662 F.2d 641, 645 (9th Cir.1981).

■ In this case it is the moving party who objects to the conversion of the motion. This is because the court not only treated Rothery's motion as one for summary judgment, but it also entered summary adjudication against her *sua sponte*. Courts may grant summary judgment *sua sponte* only so long as the losing party was on notice that it had to come forward with all of its evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *In re Harris Pine Mills*, 44 F.3d 1431, 1439 (9th Cir.1995) (losing party must have full and fair opportunity to ventilate the issues involved in the motion). The same due process concern exists whether we are examining conversion of a motion to dismiss or the court's *sua sponte* granting of summary judgment against the movant. In both situations the court must give the parties a fair opportunity to present their evidence before the court acts.

Rothery should have expected her motion to be treated as one for summary judgment because of the declaration she filed in support of the motion. The court relied on that declaration as well as filings by Cunningham pertaining to matters outside the pleadings. Accordingly, the court acted properly when it converted the motion.

We note that the court exhibited a proper concern for due process considerations when it denied Cunningham's cross-motion as being untimely and not providing Rothery with sufficient time to respond. Also, the court correctly pointed to several discrepancies between Rothery's deposition testimony and her answer to the petition. For example, in the deposition Rothery maintained that she was current on her homeowner's insurance policy, her auto insurance and her real prop-

erty taxes; however, she listed each of these as debts. We agree with the court that these discrepancies would provide a basis for denying Rothery's own motion. But, we believe that the court should have provided Rothery with more of an opportunity to respond to the court's concerns before it acted *sua sponte.*

In order to assist the court on remand we will also set forth several of the material issues which appear to be subject to a genuine dispute. The court found that Rothery claimed certain attorneys as "creditors while stating at the deposition that none of these alleged creditors had ever demanded payment." The deposition testimony demonstrates that Rothery acknowledged that she had not received billing statements from certain attorneys, but she was unequivocal in asserting that the attorneys still were her creditors. There is an issue of whether the attorneys were or were not creditors.

Rothery's answer to the petition listed seven credit cards. In her deposition she was asked "[a]bout how many credit cards do you have with outstanding accounts on them at this time?" She responded by saying, "estimate five." The validity of the seven credit cards debts listed in the answer appears to be at issue.

The record also suggests that Rothery has no fewer than 12 creditors—the possible debts to the three law firms, the alleged debts owed on the seven credit cards, an outstanding mortgage on her house and the debts to Cunningham and Tenner. Additionally, Rothery listed debts to the gas, electric and phone companies. Rothery did not discuss these debts in her deposition. However, this may have been due to the questions presented to her. For example, at one point counsel for Cunningham asked, "[a]part from Larry Cunningham and the trustee in bankruptcy, what monies do you owe at this time that are delinquent, if any?"

Any bills for regular services which had been received by Rothery, but which were not yet due, would not have been "delinquent" and would have fallen outside the scope of this question. Later counsel for Cunningham asked:

> Again, apart from the debt to Larry Cunningham and the trustee in bankruptcy, what debts do you have now that aren't regular monthly bill [sic] like a gas card or something like that that's current, one month old.

The attorney's decision to exclude regular monthly bills may have made sense in the course of a debtor's examination under state law; but, for purposes of Section 303 of the Bankruptcy Code such bills would be relevant. *In re Okamoto,* 491 F.2d 496, 498 (9th Cir.1974)(Act case; small debts such as recurring bills are included in calculating number of creditors). Rothery also listed debts for cable service, water, trash disposal, phone service and electricity in her answer.

The court stated that:

> as of this date, there is no evidence before this Court that Ms. Rothery does have 12 or more undisputed creditors. She has merely made unsubstantiated assertions that she does, without so much as including the dates the debts were allegedly incurred, have more than 12 debts.

We appreciate the court's concern that Rothery's list of debts may have been unsubstantiated. However, in the interests of due process the court should have allowed Rothery the opportunity to address this point. If the court merely had denied Rothery's motion for summary judgment based on this reasoning we would have no difficulty agreeing with the court's decision. However, we cannot agree that the inadequacy of Rothery's motion provided an adequate basis for granting relief against Rothery without allowing her an opportunity to respond to the court's concerns.

Cunningham also argues that the court's ruling was appropriate because Rothery allegedly failed to properly respond to interrogatories propounded by Cunningham. Cunningham does not maintain that Rothery failed to comply with a court order in this bankruptcy case regarding discovery. Nor is

there any indication in the record that Cunningham filed a motion seeking sanctions pursuant to Fed.R.Civ.P. 37.

The alleged failure to provide adequate responses to interrogatories supports the court's decision to deny Rothery's motion for summary judgment. We cannot agree with Cunningham that this would support granting *sua sponte* summary adjudication against Rothery. This would essentially amount to a terminating sanction under Fed.R.Civ.P. 37. Before imposing a form of terminating sanction the bankruptcy court would need to consider less drastic sanctions and warn Rothery of the possibility of dismissal before ordering a dismissal. *Anheuser–Busch v. Natural Beverage Distributors,* 69 F.3d 337, 352 (9th Cir.1995). The record does not indicate that this was considered. Furthermore, the record does not suggest that this case rises to the level of egregiousness which would justify not warning Rothery or not considering less drastic sanctions. *Adriana Intern., Corp. v. Thoeren,* 913 F.2d 1406, 1412–13 (9th Cir.1990).

### B. *Three Petitioners Are Required Unless There Are Fewer than 12 Creditors*

The court cited alternative grounds for its ruling. It stated that even if Rothery had at least 12 creditors, special circumstances existed for requiring fewer than three petitioners.

■ Our reading of the plain language of the Bankruptcy Code convinces us that there is no such exception. Section 303(b)(1) specifically refers to the filing of a petition by three or more entities holding claims against the alleged debtor. Section 303(b)(2) then states that "if there are fewer than 12 such holders" of claims against the alleged debtor, the petition can be filed by "one or more such holders...." We also note that Fed. R.Bankr.P. 1003(b) provides that the court may allow additional time for creditors to join in a petition if the alleged debtor's answer asserts the existence of 12 or more creditors, but there are currently fewer than three petitioners. Neither the Code nor the Rules references any exception to the need for at least three petitioners when the alleged debtor has no fewer than 12 creditors. In an Act case involving the three creditor rule, the Ninth Circuit Court of Appeals stated:

> The Congress has explicitly prescribed the procedure that must be followed when less than three creditors join in the petition. In such circumstances the Act provides that the alleged bankrupt must have less than twelve creditors....

*Okamoto, supra,* 491 F.2d at 498.

We recognize that the court cited to several cases to support this proposition; however, in our opinion those cases do not justify departing from the plain language of the statute. The primary case relied on by the court was *Matter of 7H Land & Cattle Co.,* 6 B.R. 29 (1980). However, we read that case as involving the issue of whether the failure to pay one creditor could satisfy the "generally not paying debts" requirement under Section 303(h)(1). We do not believe that court actually ruled that there was an exception to the requirement of three petitioners if there were 12 or more creditors. The opinion indicates the allegation that there were fewer than 12 creditors was uncontroverted. *Id.* at 30.

We have similar difficulties with the reliance on *In re Concrete Pumping Service, Inc.,* 943 F.2d 627 (6th Cir.1991). That opinion indicates that the parties did not dispute that there were fewer than 12 creditors and that the petitioner was the alleged debtor's only creditor. The issue was whether an involuntary petition could be filed where there was only one creditor and not whether there could be any exceptions to the need for three petitioners.

The bankruptcy court is correct that *In re Norriss Bros. Lumber Co.. Inc.,* 133 B.R. 599 (N.D.Tex.1991), stands for the proposition that an exception exists. However, we find ourselves unpersuaded by the reasoning in that case, in part because that court relied so

heavily on *7H Land & Cattle* and *Concrete Pumping.*

Finally, the bankruptcy court cited to *In re Norris,* 183 B.R. 437 (W.D.La.1995). However, as with *7H Land & Cattle* and *Concrete Pumping,* we read that case as involving the issue of whether an involuntary petition could be appropriate in the case of a two-party dispute.

We hold that there is no exception to the requirement that an involuntary petition be joined in by at least three petitioners where the alleged debtor has 12 or more creditors. To the extent the court relied on a perceived exception to this requirement, we RE-VERSE.

### C. *The Court Correctly Determined that Rothery Was Not Paying Her Debts as They Became Due*

After a hearing on July 23, 1996, the court granted summary adjudication of the issue of whether Rothery was generally paying her debts as they become due. The test must be applied as of the petition date. *Matter of Bishop, Baldwin, Rewald, Dillingham and Wong, Inc.,* 779 F.2d 471, 475 (9th Cir.1985). The test provides for flexible application and the court is to consider the totality of the circumstances. *Id.* A finding that a debtor is generally not paying her debts "requires a more general showing of the debtor's financial condition and debt structure than merely establishing the existence of a few unpaid debts." *In re Dill,* 731 F.2d 629, 632 (9th Cir.1984).

The record demonstrates that, at a minimum, Rothery has not been paying her debts to Cunningham and three law firms. The bankruptcy court also found that the failure to pay Tenner supported the granting of summary judgment. It became incumbent on Rothery to come forward with evidence that demonstrated the existence of a genuine dispute as to a material fact. Fed.R.Civ.P. 56(e). The bankruptcy court ruled that Rothery failed in this account, and we agree.

Rothery asserted that the debt due Cunningham was based on a judgment which is on appeal. However, she has not obtained a stay pending appeal and Cunningham could execute on the judgment. Therefore, even if this debt were considered disputed the balance of interests favor its inclusion into the calculation of whether Rothery was paying her debts as they generally became due. *In re Dill, supra,* 731 F.2d at 632.

Rothery also stated that she now disputes owing anything to the various law firms. This statement directly contradicts her deposition testimony without providing any explanation for the discrepancy. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mut. Ins., Co.,* 952 F.2d 262, 266 (9th Cir.1991). Before applying this rule though, the court must determine that the contradiction is a "sham." *Id.* at 267. Here, the court examined the contradictions in Rothery's declaration and found that Rothery's statements were not credible. This satisfies the requirement under *Kennedy.* Accordingly, the court properly disregarded Rothery's declaration to the extent that it contradicted her prior deposition testimony without setting forth the reason for the change in testimony.

Finally, Rothery maintains that her bare statement that she was generally paying her debts as they became due should have been sufficient to defeat the motion for summary judgment. However, pursuant to Fed. R.Civ.P. 56(e), once the burden has shifted to the nonmoving party,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Rothery failed to meet this burden. Accordingly, the court acted appropriately in granting summary judgment against Rothery on the issue of whether she was generally paying her debts as they became due.

### IV

### CONCLUSION

Rothery and Cunningham both asked the court to consider matters beyond the plead-

ings related to the motion to dismiss. Therefore, the court properly considered the motions to be for summary judgment. However, in granting *sua sponte* relief against Rothery the court erred by not allowing Rothery a full and fair opportunity to respond to the court's action. Furthermore, we hold that there is no exception to the requirement that an involuntary petition against an alleged debtor with no fewer that 12 creditors must be joined in by at least three petitioners. The order granting summary adjudication of the issue of whether the involuntary petition had the required number of petitioners is REVERSED.

Cunningham came forward with sufficient evidence to support summary adjudication on the issue of whether Rothery was paying her debts as they became due. Rothery's declaration flatly contradicted her prior deposition testimony and was properly disregarded by the court. Additionally, the mere allegation by Rothery that she was paying her debts as they became due was insufficient to demonstrate the existence of a genuine dispute of a material fact. We AFFIRM the court's order granting summary adjudication in favor of Cunningham on that issue.